## YEARSLEY ET AL. *v.* W. A. ROSS CONSTRUCTION CO.

No. 156. Argued January 3, 4, 1940.—Decided January 29, 1940.

*Mr. Robert Van Pelt,* with whom *Mr. Ernest B. Perry* was on the brief, for petitioners.

*Mr. Clay C. Rogers* for respondent.

By leave of Court, *Solicitor General Jackson, Assistant Attorney General Shea,* and *Messrs. Warner W. Gardner, Thomas Harris,* and *Frederick T. Johnson* filed a brief on behalf of the United States, as *amicus curiae,* in support of respondent.

MR. CHIEF JUSTICE HUGHES delivered the opinion of the Court.

In this action, brought in the state court of Nebraska and removed to the federal court, petitioners sought to recover damages upon the ground that the respondent company had built dikes in the Missouri River and, using large boats with paddles and pumps to produce artificial erosion, had washed away a part of petitioners' land. Respondent alleged in defense that the work was done pursuant to a contract with the United States Government, and under the direction of the Secretary of War and the supervision of the Chief of Engineers of the United States, for the purpose of improving the navigation of the Missouri River, as authorized by an Act of Congress. Petitioners in reply alleged that the contract did not contemplate the taking of their land without just

compensation and that the acts of the contractor resulted in the destruction of petitioners' property in violation of their rights under the Fifth Amendment of the Federal Constitution.

Petitioners had judgment which the Circuit Court of Appeals reversed. 103 F. 2d 589. Certiorari was granted because of alleged conflict with applicable decisions of this Court. 308 U. S. 538. The Government has been permitted to appear as *amicus curiae*.

The Circuit Court of Appeals found that the evidence established "that two dikes built in the river above, and one dike built opposite, their (petitioners') land had diverted the channel or the current of the river from the Iowa shore to the Nebraska shore" and that as a result the "accretion land" of petitioners "to the extent of perhaps 95 acres had been eroded and carried away." There was evidence tending to show that in extending the dike opposite petitioners' land, the contractor, "apparently to keep open an adequate channel for navigation between the end of the dike and the shore," had accelerated the erosion "by using the paddle wheels of its steamboats to increase the action of the current." But there was no evidence, as the Court of Appeals said, that this "paddle washing" had done "anything more than hasten the inevitable." The Court of Appeals also found it to be undisputed "that the work which the contractor had done in the river bed was all authorized and directed by the Government of the United States for the purpose of improving the navigation of this navigable river." It is also conceded that the work thus authorized and directed by the governmental officers was performed pursuant to the Act of Congress of January 21, 1927, 44 Stat. 1010, 1013.

In that view, it is clear that if this authority to carry out the project was validly conferred, that is, if what was done was within the constitutional power of Congress,

there is no liability on the part of the contractor for executing its will. See *Murray's Lessee* v. *Hoboken Land & Improvement Co.*, 18 How. 272, 283; *Lamar* v. *Browne,* 92 U. S. 187, 199; *The Paquete Habana,* 189 U. S. 453, 465. Where an agent or officer of the Government purporting to act on its behalf has been held to be liable for his conduct causing injury to another, the ground of liability has been found to be either that he exceeded his authority or that it was not validly conferred. *Philadelphia Company* v. *Stimson,* 223 U. S. 605, 619, 620. See *United States* v. *Lee,* 106 U. S. 196, 220, 221; *Noble* v. *Union River Logging R. Co.,* 147 U. S. 165, 171, 172; *Tindal* v. *Wesley,* 167 U. S. 204, 222; *Scranton* v. *Wheeler,* 179 U. S. 141, 152; *American School of Magnetic Healing* v. *McAnnulty,* 187 U. S. 94, 108, 110.

Petitioners present the question whether the building of the dikes and the erosion of their land, because of the consequent diversion of the current of the river, constituted a taking of their property for which compensation must be made. We do not find it necessary to pass upon that question, for if the authorized action in this instance does constitute a taking of property for which there must be just compensation under the Fifth Amendment, the Government has impliedly promised to pay that compensation and has afforded a remedy for its recovery by a suit in the Court of Claims. 28 U. S. C. 250. *United States* v. *Great Falls Manufacturing Co.,* 112 U. S. 645, 656, 657; *Great Falls Manufacturing Co.* v. *Attorney General,* 124 U. S. 581, 600; *United States* v. *Lynah,* 188 U. S. 445, 465, 466; *Tempel* v. *United States,* 248 U. S. 121, 129, 130; *Hurley* v. *Kincaid,* 285 U. S. 95, 104, 105. "The Fifth Amendment does not entitle him [the owner] to be paid in advance of the taking" and the statute affords a plain and adequate remedy. *Hurley* v. *Kincaid, supra.* It follows that as the Government in such a case promises just compensation and provides a complete

22

remedy, action which constitutes the taking of property is within its constitutional power and there is no ground for holding its agent liable who is simply acting under the authority thus validly conferred. The action of the agent is "the act of the government." *United States* v. *Lynah, supra.*

This principle has been applied under the statute providing compensation for the use by the Government of patented inventions without license of the owner. Act of June 25, 1910, 36 Stat. 423. In *Crozier* v. *Krupp*, 224 U. S. 290, 305, the Court said: "The adoption by the United States of the wrongful act of an officer is of course an adoption of the act when and as committed, and causes such act of the officer to be, in virtue of the statute, a rightful appropriation by the Government, for which compensation is provided." In view of later decisions limiting the scope of that statute (*Cramp & Sons* v. *Curtis Turbine Co.*, 246 U. S. 28; *Marconi Wireless Telegraph Co.* v. *Simon*, 246 U. S. 46), Congress amended the statute so as to insure complete compensation by the Government and thus it operated to relieve the contractor from liability of every kind "for the infringement of patents in manufacturing anything for the Government." The provision for the recovery from the United States of "entire" compensation "emphasized the exclusive and comprehensive character of the remedy provided." *Richmond Screw Anchor Co.* v. *United States*, 275 U. S. 331, 343.

So, in the case of a taking by the Government of private property for public use such as petitioners allege here, it cannot be doubted that the remedy to obtain compensation from the Government is as comprehensive as the requirement of the Constitution, and hence it excludes liability of the Government's representatives lawfully acting on its behalf in relation to the taking.

The Government contends that in this instance there has been no taking of petitioners' lands within the mean-

ing of the Fifth Amendment. The Circuit Court of Appeals took that view, holding that petitioners had sustained merely "consequential damages from the deflection of waters by reason of structures lawfully constructed in aid of navigation." Petitioners, as we have said, combat this ruling. We do not undertake to review it or the authorities cited by the parties and the Government in that relation, for petitioners' claim, resting upon the theory that there has been a "taking," has been found untenable, and there is no contention, or basis for one, that if the contractor was acting for the Government in prosecuting its work in aid of navigation without the taking of property, the contractor would be subject to the asserted liability.

The judgment of the Circuit Court of Appeals in reversing that of the District Court is affirmed but upon the grounds stated in this opinion.

*Affirmed.*