### MALONE v. TENNESSEE VALLEY AUTHORITY.

Civ. A. No. 460.

United States District Court,
W. D. Kentucky, at Paducah.
July 11, 1949.

———————

Lovett & Lovett, Benton, Kentucky, attorneys for plaintiff.

Joseph C. Swidler, General Counsel, Tennessee Valley Authority, Knoxville, Tennessee, Charles J. McCarthy, Assistant General Counsel, Tennessee Valley Authority, Knoxville, Tennessee, Richard M. Freeman, Tennessee Valley Authority, Knoxville, Tennessee, attorneys for defendant.

SHELBOURNE, Chief Judge.

This case is before the Court on the motion of defendant for a summary judgment.

The complaint was originally filed in the Marshall Circuit Court, April 17, 1948, and was removed to this Court by defendant, by petition alleging that the suit arises under a law regulating commerce and was removable under the provisions of Title 28 U.S.C.A., § 41(8) [revised § 1337]; is a suit arising under the constitution and laws of the United States and is one of which the District Court has jurisdiction under the provisions of Title 28 U.S.C.A. § 41(1) [revised § 1331 et seq.].

The complaint sought to recover compensatory damages in the amount of $3000 and punitive damages in the amount of $1000 for the alleged destruction of 20 acres of land owned by the plaintiff, located on Little Bear or Malcolm Creek, a tributary of the Kentucky Reservoir.

It was alleged that the defendant had caused Malcolm Creek to overflow and destroy 20 acres of land by interfering with the natural flow of the Tennessee River through the construction of the Kentucky Reservoir and by negligently, carelessly, and wilfully permitting the bed of the creek to fill up with sand, gravel, and other obstructions, all of which alleged wrongful acts constituted a taking of plaintiff's land to the extent that he was entitled to the damages claimed.

The defenses interposed by defendant's answer, in so far as material to the present status of the case, were—

1. The petition fails to state a claim against defendant upon which relief can be granted.

2. The dam and reservoir were constructed under Congressional authority and there can be no recovery for damages which are insufficient to constitute a taking within the meaning of the Fifth Amendment to the Constitution of the United States.

3. In holding land, the defendant Tennessee Valley Authority acts as agent for the United States and any action to recover for a wrongful taking must be brought against the United States and not against Tennesee Valley Authority.

4. The procedure prescribed by Section 25 of the Tennessee Valley Authority Act, 16 U.S.C.A. § 831 et seq., is the only remedy available to a land owner whose property has been taken for a project authorized under the Act.

5. If any injuries were in fact suffered by the plaintiff, they were consequential injuries for which the law permits no recovery.

6. No action can be maintained against the defendant to recover punitive damages.

The parties have filed affidavits and counter-affidavits.

Section 831c(h) of the Tennessee Valley Authority Act Title 16 U.S.C.A. providing for the exercise of the right of eminent domain by the corporation, specifically provides that the title to real estate acquired, shall be taken in the name of the United States of America and that all property so taken shall be entrusted to the corporation as agent of the United States. Therefore, in this case, if the defendant Tennessee Valley Authority is forced to pay plaintiff for property which it has taken, either wrongfully or rightfully, the Tennessee Valley Authority is thereby enabled to do what it is not authorized by the Act to do—that is to take property in its own name.

The Court of Appeals of Kentucky in the case of City of Middlesboro et al. v. Kentucky Utilities Company et al., 284 Ky. 833, 146 S.W.2d 48, recognizes that the Tennessee Valley Authority is an agency of the United States.

The Court of Appeals of the Fifth Circuit in Posey v. Tennessee Valley Authority, 93 F.2d 726, 727, said concerning the Tennessee Valley Authority—

"There is no capital stock. The operations are paid for by appropriations from the Treasury of the United States. The lands acquired belong to the United States. The great functions of the Authority are governmental in nature and might have been performed directly by the officers of government. * * * Notwithstanding the corporate entity and its subjection to suit, the Authority is plainly a governmental agency of the United States, and except as Congress may otherwise consent, is free from state regulation or control. * * * It may be emphasized that it is not a corporation created under the general laws of some state or territory, whose stock the United States happen to own, as was true of the Emergency Fleet Corporation, and the Panama Railroad Company."

In the cases of Atchley et al. v. Tennessee Valley Authority, D.C., 69 F.Supp. 952; Lynn v. United States, 5 Cir., 110 F.2d 586; Posey v. Tennessee Valley Authority, 5 Cir., 93 F.2d 726; Grant v. Tennessee Valley Authority, D.C., 49 F.Supp. 564, are all to the effect that the "sue and be sued" clause of the Tennessee Valley Authority Act is for the sole purpose of eliminating certain forms, but was not intended to enlarge or extend the immunity of the sovereign from suit.

The Court of Appeals of the Sixth Circuit in Morgan v. Tennessee Valley Authority, 115 F.2d 990, 994, described the Tennessee Valley Authority as—

"predominantly an administrative arm of the executive department."

The same Court, in the subsequent case of Tennessee Valley Authority v. Kinzer, 142 F.2d 833, 837, said—

"The Tennessee Valley Authority exercises an executive or administrative function in its activities, which, prior to its establishment, rested with the divisions of the executive branch of the Government. Morgan v. Tennessee Valley Authority, 6 Cir., 115 F.2d 990. Its great functions are governmental in nature, and might have been performed directly by officers of the Government. It is plainly a governmental agency or instrumentality of the United States."

In Atchley et al. v. Tennessee Valley Authority, supra, the District Court of Alabama, had before it a suit by a land owner for damages to his crops. It was there held that the performance by executive officers of discretionary duties entrusted to them by statute is not subject to judicial review.

In the case of Lynn v. United States et al., the land owner sued the United States under the Tucker Act for a taking of the land and sued the Tennessee Valley Authority for a declaration of rights under a deed. The Court approved the action pursuant to the Tucker Act against the United States, dismissing the action, however, for a misjoinder of parties defendant, and upon the authority of this case, it is apparent that if the plaintiff Malone has a claim, it lies against the United States under the Tucker Act.

The case of Yearsley v. W. A. Ross Construction Company, 309 U.S. 18, 60 S.Ct. 413, 414, 84 L.Ed. 554, is clear authority that the present action will not lie.

In the Yearsley case, plaintiff sued a construction company for damages to his land, claiming that the damages amounted to a wrongful taking. The Supreme Court, in holding the contractor to be an agent of the United States said—

"It is also conceded that the work thus authorized and directed by the governmental officers was performed pursuant to the Act of Congress of January 21, 1927 * *. In that view, it is clear that if this authority to carry out the project was validly conferred, that is, if what was done was within the constitutional power of Congress, there is no liability on the part of the contractor for executing its will."

See, also, McMichael v. United States et al., D.C.Ala., 63 F.Supp. 598. In that action, recovery was sought against the Tennessee Valley Authority for taking of land by flooding. The case was dismissed on authority of the Lynn and Yearsley cases above referred to.

The authority conferred upon the Tennessee Valley Authority to sue and be sued does not mean that the Authority can be sued where the United States only is the proper party.

If the plaintiff, Malone, has a cause of action, it is against the United States under the Tucker Act and not against the Tennessee Valley Authority.

It is therefore held that there is in this record no genuine issue as to any material fact and the defendant Tennessee Valley Authority is entitled to a judgment dismissing plaintiff's petition.

Said judgment will be entered upon presentation by defendant's Counsel.