GEORGE J. COBB AND KATHLEEN COBB, PLAINTIFFS-APPELLANTS, v. JOHN A WADDINGTON, DIRECTOR OF NEW JERSEY DIVISION OF MOTOR VEHICLES; FRASSETTO CONSTRUCTION COMPANY, INC., A NEW JERSEY CORPORATION; THE DEPARTMENT OF TRANSPORTATION OF THE STATE OF NEW JERSEY, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued September 27, 1977—Decided October 25, 1977.

12

Before Judges MATTHEWS, CRANE and ANTELL.

*Mr. Harold J. Cassidy* argued the cause for appellants (*Messrs. Newell & Cassidy,* attorneys).

*Mr. Joseph K. Cooney* argued the cause for respondent John A. Waddington (*Mr. Richard A. Amdur,* attorney).

*Mr. William P. Kirkpatrick* argued the cause for respondent Frassetto Construction Company (*Messrs. Kirkpatrick & Rathman,* attorneys; *Mr. Thomas Primavera* on the brief).

*Mr. Thomas D. Monte, Jr.,* Deputy Attorney General, argued the cause for respondent Department of Transpor-

tation (*Mr. William F. Hyland,* Attorney General of New Jersey, attorney; *Mr. Stephen Skillman,* Assistant Attorney General, of counsel; *Mr. George W. Fisher,* Deputy Attorney General, on the brief).

The opinion of the court was delivered by

ANTELL, J. A. D. This action arises from an automobile accident occurring on the night of June 5, 1974. The complaint alleges that plaintiff George J. Cobb suffered personal injury when his car was forced off the roadway by an unidentified motor vehicle into collision with certain traffic channelization barricades, resulting in his head being struck by a length of timber which penetrated his windshield. Recovery was sought from the New Jersey Department of Transportation (Department) and the Frassetto Construction Co. (Frassetto) based upon their selection and place-.ment of the barricades on the highway. Plaintiffs also sued the Director of the Division of Motor Vehicles (Director) for the alleged negligence of the unidentified driver. *N. J. S. A.* 39:6–78.

The accident happened at the site of certain road construction work being performed by Frassetto under a contract with the Department. In the course thereof Frassetto placed the barricades along Route 35 between the concrete center divider and the left-hand lane of travel. The devices were of a design referred to as Type IIIA. Plaintiffs claim that the barricades should have been Type IIIC and that the use of Type IIIA under the circumstances constituted negligence which proximately contributed to the accident and the plaintiff's injuries. The choice of barricade and their configuration on the highway were decided upon by the Department and carried out by Frassetto in accordance with the Department's specifications contained in the contract.

Summary judgment was entered in favor of the Department and Frassetto for lack of proximate cause and upon the ground of governmental immunity. Plaintiffs appeal there-

from, as well as from the judgment entered after the jury trial in favor of the Director on the ground of trial error.

The following provisions of the New Jersey Tort Claims Act, *N. J. S. A.* 59:1–1 *et seq.* are germane to the question of governmental immunity:

*N. J. S. A.* 59:1–2. Legislative declaration

The Legislature recognizes the inherently unfair and inequitable results which occur in the strict application of the traditional doctrine of sovereign immunity. On the other hand the Legislature recognizes that while a private entrepreneur may readily be held liable for negligence within the chosen ambit of his activity, the area within which government has the power to act for the public good is almost without limit and therefore government should not have the duty to do everything that might be done. Consequently, it is hereby declared to be the public policy of this State that public entities shall only be liable for their negligence within the limitations of this act and in accordance with the fair and uniform principles established herein. All of the provisions of this act should be construed with a view to carry out the above legislative declaration.

*N. J. S. A.* 59:2–1. Immunity of public entity generally

a. Except as otherwise provided by this act, a public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person.

b. Any liability of a public entity established by this act is subject to any immunity of the public entity and is subject to any defenses that would be available to the public entity if it were a private person.

*N. J. S. A.* 59:2–3. Discretionary activities

a. A public entity is not liable for an injury resulting from the exercise of judgment or discretion vested in the entity;

\* \* \* \* \* \* \* \*

*N. J. S. A.* 59:4–6. Plan or design immunity

a. Neither the public entity nor a public employee is liable under this chapter for an injury caused by the plan or design of public property, either in its original construction or any improvement thereto, where such plan or design has been approved in advance of the construction or improvement by the Legislature or the governing body of a public entity or some other body or a public employee exercising discretionary authority to give such approval or where such plan or design is prepared in conformity with standards previously so approved.

*N. J. S. A.* 59:4–1. Definitions

\* \* \* \* \* \* \*

c. "Public property" means real or *personal property* owned or controlled by the public entity \* \* \*. [Emphasis supplied]

No issue is raised as to whether the plan or design was officially approved in advance of construction within the meaning of *N. J. S. A.* 59:4–6.

In *Fair v. Bergen Cty.,* 151 *N. J. Super.* 520 (App. Div. 1977), we made the following observations:

> As we said of these enactments in *English v. Newark Housing Authority,* 138 *N. J. Super.* 425, 428–429 (App. Div. 1976), "the basic legislative premise is to reestablish immunity for all governmental bodies within its definition of 'public entity.' Immunity is all-inclusive within that definition except as otherwise provided by the act." In the comment accompanying *N. J. S. A.* 59:2–1 the thought is expressed that under this enactment the judicial approach should be *"whether an immunity applies and if not, should liability attach."* [emphasis in original] This was said to mark a departure from that taken by our Supreme Court in *B. W. King, Inc. v. West New York,* 49 *N. J.* 318, 325 (1967), "asking whether there is any reason why it [immunity] should apply." It was hopefully contemplated that "in utilizing this approach the courts will exercise restraint in the acceptance of novel causes of action against public entities." The comment closes with the following paragraph:
>
>> Subsection (b) is intended to insure that any immunity provisions provided in the act or by common law will prevail over the liability provisions. It is anticipated that the Courts will realistically interpret both the statutory and common law immunities in order to effectuate their intended scope. [at 522–523]

In our view, the selection of Type IIIA barricades and their configuration on the highway as a means of channelizing traffic reflected the exercise of judgment and discretion on the part of a public entity within the sense of *N. J. S. A.* 59:2–3(a), and formed part of a plan or design, contemplated by *N. J. S. A.* 59:4–6(a), of public property, as that term is defined in *N. J. S. A.* 59:4–1(c), *supra,* even to include "personal property."

We recognize that the highway design during the course of construction was to be of temporary duration only. Nevertheless, the positioning and use of this particular type of barricade followed a "plan or design of public property" in the statutory sense and therefore could not form the basis for liability. Furthermore, they undoubtedly involved the

weighing of competing considerations to serve the provisional purpose. Although opinions may vary as to preferred choices, the fact remains that the decisions called for "the exercise of judgment or discretion vested in the entity."

█ The statutory treatment of discretionary activities was intended to correspond to the "broad immunity" furnished under the Federal Tort Claims Act, 28 *U. S. C. A.* § 2680(a) (see *Legislative Comment* to *N. J. S. A.* 59:2–3(a)) and the result here reached is consistent with leading decisions construing the comparable federal provision. *Dalehite v. United States,* 346 *U. S.* 15, 35–36, 73 *S. Ct.* 956, 97 *L. Ed.* 1427 (1953); *Mahler v. United States,* 306 *F.* 2d 713, 723 (3 Cir.), *cert.* den. 371 *U. S.* 923, 83 *S. Ct.* 290, 9 *L. Ed.* 2d 231 (1962).

█ Plaintiff's argument that the discretionary activities insulated by *N. J. S. A.* 59:2–3(a) are only those involving the exercise of "sovereign power" or a "uniquely governmental function" of the kind alluded to in *Willis v. Dept. of Conserva. & Econ. Dev.,* 55 *N. J.* 534, 539–540 (1970) and *Fitzgerald v. Palmer,* 47 *N. J.* 106, 110 (1966), is not persuasive. That species of activity is specifically covered by paragraphs (b), (c) and (d) of the statute. We cannot accept the implication that paragraph (a) was intended to be meaningless or inoperative. *Abbotts Dairies v. Armstrong,* 14 *N. J.* 319, 327–328 (1954). Full effect should be given to every word of a statute. *Gabin v. Skyline Cabana Club,* 54 *N. J.* 550, 555 (1969). Every word, sentence and clause shall, if possible, be given full force and effect. *Hoffman v. Hock,* 8 *N. J.* 397, 406 (1952). The court's duty is seek and find significance in legislative language. *R. H. Macy & Co., Inc. v. Director, Div. of Taxation,* 77 *N. J. Super.* 155, 168 (App. Div. 1962), aff'd 41 *N. J.* 3 (1963). In our judgment, when the Legislature wrote paragraph (a) it intended to protect a range of function wider than what is treated under paragraphs (b), (c) and (d).

The trial judge correctly resolved the immunity issue.

■ We conclude further that the immunity extends to Frassetto. That defendant selected the barricades and placed them pursuant to the design specifications of the contract. The statutory immunity would be meaningless if a public entity's contractor which follows government specifications were held to the liability from which the public entity is shielded. Under these circumstances the contractor enjoys the same protection. *Yearsley v. W. A. Ross Construction Co.*, 309 *U. S.* 18, 21, 60 *S. Ct.* 413, 84 *L. Ed.* 554 (1940); *Myers v. United States*, 323 *F.* 2d 580, 583 (9 Cir. 1963); *Dolphin Gardens, Inc. v. United States*, 243 *F. Supp.* 824, 827 (D. Conn. 1965).

■ In his charge to the jury the trial judge recited *N. J. S. A.* 39:4–130, requiring the driver of a vehicle involved in an accident resulting in injury or damage to property to give prompt notice thereof to a police agency, and explained that plaintiff's failure to comply therewith was evidential on the question of negligence. This part of the charge was obviously addressed to the three-day interval between the accident and the time that plaintiff reported it to the Keyport police. But this delay had no probative relationship to the issue of negligence and the jury should not have been advised about this provision of the Motor Vehicle Act. *McGlone v. Corbi*, 59 *N. J.* 86, 100 (1971). The prejudicial error was compounded by the court's failure to take into account the exception in the statute based upon physical incapacity of the driver.

■ In view of plaintiff's testimony that he did not have the "slightest idea" where the unidentified vehicle came from we are unable to credit his argument that the trial judge erred in refusing to charge the "passing statute", *N. J. S. A.* 39:4–85.

Our disposition hereof makes it unnecessary for us to consider plaintiffs' claim of error in the action below to the extent that it rested on a finding that no causal relationship existed between the alleged negligence and the accident. But

see, *Oram v. N. J. Bell Telephone Company*, 132 *N. J. Super.* 491 (App. Div. 1975).

The summary judgments in favor of the Department and Frassetto are affirmed. The judgment in favor of the Director is reversed and that case remanded for a new trial.