OPINION OF THE COURT
Stanley B. Katz, J.
In this products liability action defendant Penn Metal Fabricators, Inc. seeks an order dismissing the complaint as a matter of law, based on the Government contractor defense.
On November 4, 1987, plaintiff, Gilbert Reynolds, sustained severe injuries to his left foot when a heavily loaded postal cart struck his heel and overran his foot. At the time of the *415 accident, plaintiff was employed by Sort Rite, Inc. and was in the process of pulling a BMC mail cart during the course of his employment. The BMC mail cart, a bulk mail container, was manufactured by defendant Penn Fabricators, Inc. solely for the United States Government Postal Service, pursuant to specifications and plans provided by the Postal Service. Penn Metal did not provide any recommendations or modifications of these plans for the Postal Service. The mail carts are randomly tested by both Penn Metal and the Postal Service, and the specifications for these tests are provided by the Postal Service. After the units are delivered to the Postal Service, Penn Metal performs no maintenance or repairs to these units. The mail cart in question, bearing serial number 05228, was shipped to the Postal Service on September 12, 1984.
The mail cart is equipped with a hand brake, which is not designed to stop a cart in motion. Plaintiff, at an examination before trial, testified that he was pulling the loaded cart from the opposite side of the hand brake and had moved the cart approximately 300 feet without incident until the accident occurred. It is undisputed that the mail cart in question was owned and maintained by the United States Postal Service and used by employees of Sort Rite, Inc. in conjunction with their mail sorting business for the Postal Service. The assistant vice-president of Sort Rite, Inc., Glen Muhrman, stated at an examination before trial that all employees are given a brief on-the-job lecture on the operation of the mail carts, and that caution signs and parts are clearly labeled. He further stated that any complaints or problems Sort Rite might have with the mail carts are handled solely by the United States Postal Service.
Plaintiff alleges causes of action for strict tort liability, defective design and manufacture, and breach of implied and express warranties of merchantability and fitness for its intended purpose.
Defendant now seeks an order dismissing the complaint on the grounds that the Government contractor defense set forth in Boyle v United Technologies Corp. (487 US 500) bars this action as a matter of law. Defendant argues that its compliance with Government contract specifications is a complete defense to any claims grounded in negligence or strict liability.
Plaintiff, in opposition, asserts that the Government con *416 tractor defense is limited to contracts involving military equipment, and therefore is inapplicable to the case at bar. In addition, plaintiff asserts that triable issues of fact exist as to whether the mail, cart in question conformed to the Postal Service’s specifications, and whether design defects existed.
The United States Supreme Court in Boyle v United Technologies (supra) held that Federal law may shield contractors from liability for design defects in military equipment. The court determined that State law which imposes liability for design defect in military equipment is displaced where (a) the United States approved reasonably precise specifications; (b) the equipment conformed to those specifications; and (c) the supplier warned the United States about danger in the use of the equipment known to the supplier but not to the United States. The court based its decision upon the Federal policy demonstrated by the Federal Tort Claims Act’s discretionary function exception to Federal Government liability. (28 USC § 2680 [a].) The court specifically found that the selection of the appropriate design for military equipment to be used by the Armed Forces is a discretionary function within the meaning of the statute, and involves a balancing of technical, military and social considerations, including the trade-off between greater safety and greater contract effectiveness.
The court in Boyle (supra) limited its application of the Government contractor defense to military contractors. The policy considerations that were present in Boyle (supra), however, are not present here. The court, therefore, finds that Boyle (supra) should not be expanded to shield all nonmilitary Government contracts, such as defendant, from liability.
In addition, defendant’s reliance on Yearsley v Ross Constr. Co. (309 US 18) is misplaced. Defendant’s contract was not a performance contract authorized by an act of Congress. Thus, Yearsley (supra) is clearly distinguishable from the case at bar, as no actual agency relationship with the Government exists here.
Inasmuch as the Government contractor defense is inapplicable to the case at bar, defendant’s motion to dismiss the complaint is denied.