**BELVEDERE MILITARY CORP., Emma H. Wilson, A. Clark Wilson and Sandra Wilson, Plaintiffs,**

v.

**COUNTY OF PALM BEACH, FLORIDA, Defendant.**

No. 93–8575–CIV–KING.

United States District Court, S.D. Florida.

March 1, 1994.

Marcella Larsen, Siemon, Larsen & Marsh, Boca Raton, FL, for plaintiffs.

Robert P. Banks, Asst. County Atty., West Palm Beach, FL, for defendant.

### ORDER OF DISMISSAL

JAMES LAWRENCE KING, District Judge.

THIS CAUSE comes before the Court on Defendant's Motion to Dismiss. Plaintiffs have filed a Memorandum in Opposition; and Defendants have filed a Reply memorandum. Oral argument was heard by the Court on February 25, 1994.

Plaintiffs own property in the approach path of Palm Beach International Airport's Runway 13 (and in the departure path of Runway 23). In their Complaint, Plaintiffs allege that Defendant has physically occupied its property by causing aircraft to enter its superadjacent airspace below the level permitted by an avigation easement granted by the property owners in 1968. Plaintiffs seek compensation for a violation of their Fifth Amendment property rights. A threshold issue in this case is whether Plaintiffs' complaint alleging a physical taking without just compensation is a ripe issue subject to adjudication by this federal Court.

### I. Ripeness and the Requirement to Exhaust State Remedies

In the context of a taking by regulation, the Supreme Court has held that a plaintiff must seek compensation through state procedures. *Williamson County Regional Planning Comm'n v. Hamilton Bank,* 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985). Failure to do so divests a federal court of jurisdiction over the matter, as the takings issue will not be deemed ripe. *Reahard v. Lee County,* 978 F.2d 1212, 1213 (11th Cir.1992).

Plaintiffs point out that their federal claim is based on a physical occupation, as distinguished from a taking by regulation. They disagree with the "expansion" of the *Williamson County* requirement by the Ninth Circuit. In *Sinaloa Lake Owners Ass'n v. City of Simi Valley,* 882 F.2d 1398 (9th Cir.1989), the Ninth Circuit held that the *Williamson County* requirement that a party first exhaust state remedies applies also to a claim of physical occupation. Plaintiffs argue, instead, that the *Williamson County* ripeness test is "limited on the face of the decision to *regulatory* claims." Pls.' Mem. in Opp., at 8 (emphasis in original).

Plaintiffs read *Williamson County* too narrowly. The rationale behind the Supreme Court's decision in that case is equally applicable to physical takings; that is, "[t]he Fifth Amendment does not proscribe the taking of property; it proscribes taking without just compensation." *Williamson County,* 473 U.S. at 194, 105 S.Ct. at 3120 (citation omitted). Therefore, before a violation of the Fifth Amendment will be found to exist, it must be shown that a plaintiff is unable to secure just compensation from the state. The requirement that a plaintiff litigate his claim in state court to an unsuccessful conclusion may be dispensed with only in a very few cases, such as upon a showing that under

state law, there exists no reasonable and adequate provision for obtaining compensation.

Furthermore, the *Williamson County* Court cited for support three cases involving physical occupation: *Yearsley v. W.A. Ross Construction Co.*, 309 U.S. 18, 21, 60 S.Ct. 413, 414, 84 L.Ed. 554 (1940); *Hurley v. Kincaid*, 285 U.S. 95, 52 S.Ct. 267, 76 L.Ed. 637 (1932); and *Cherokee Nation v. Southern Kan. Ry. Co.*, 135 U.S. 641, 659, 10 S.Ct. 965, 971, 34 L.Ed. 295 (1890). There is no indication that the Court intended to limit the state exhaustion requirement to cases involving only regulatory takings.

## II. Plaintiffs' Exhaustion of State Remedies

The issue, then, is whether Plaintiffs have exhausted their remedies under state law. Plaintiffs argue that they have done so. They filed a complaint in state court alleging a physical taking under the state constitution. The state judge granted Defendant's motion to dismiss the issue of physical occupation and granted Plaintiffs the opportunity to amend their complaint. Plaintiffs elected not to do so.

Plaintiffs argue that even though the state court's dismissal was not a final order subject to appeal, its issuance satisfied the *Williamson County* exhaustion requirement. Plaintiffs argue that "[t]he fact that the state court permitted Property Owners to replead is irrelevant as the court clearly and unequivocally rejected the essential theory of the physical occupation by the County as plead [sic] in the state court complaint." Pls.' Mem. in Opp., at 9–10.

The Court cannot agree with Plaintiffs' position that they have been denied just compensation by the state. Plaintiffs' lawsuit alleging physical occupation was dismissed by the state Circuit Court with leave to file an amended complaint. Plaintiffs did not avail themselves of the opportunity to amend. Indeed, they filed notice in state court of their intention not to do so. This Court cannot say that an amended complaint which addressed the state court's concerns would be rejected by the state court. Nor can this Court know what would have happened on direct appeal from any unfavorable state court final decision. The mere filing of a complaint in state court, without pursuing the case to a conclusive result, is insufficient to satisfy the *Williamson County* requirement that Plaintiffs exhaust their state court remedies.

Plaintiffs cite *Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 687 (9th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 924, 127 L.Ed.2d 217 (1994), as indicating that they need not pursue their state case to a conclusion when no state remedy is available to them. Because they consider the state court's dismissal of their initial complaint to be a rejection of their theory of physical occupation, and because in their judgment it would be a futile exercise to replead in state court, Plaintiffs conclude that no state remedy is available to them and the issue is ripe for adjudication by a federal court.

Plaintiffs misinterpret the holding of *Levald.* That case indicates that formal exhaustion of state remedies is not required when state law provides no remedy for the wrong alleged by a plaintiff. Thus, if there were a holding by the Florida Supreme Court which unequivocally indicated that an individual in Plaintiffs' situation had no cause of action under state law, then Plaintiffs might not be required to go through the formality of filing a complaint in state court. However, *Levald* does not render an issue ripe merely because a plaintiff's complaint was dismissed by a state court with leave to amend the defective complaint.

In the case at bar, state law provides proper procedures and adequate remedies for the type of wrong allegedly suffered by Plaintiffs. This case is not ripe for federal adjudication.

Accordingly, after a careful review of the record, and the Court being otherwise fully advised in the premises, it is

ORDERED, ADJUDGED, and DECREED that Defendant's Motion to Dismiss be, and the same is hereby, GRANTED. This action is hereby dismissed with prejudice.

DONE and ORDERED.