# IN THE SUPREME COURT OF TEXAS

══════════
No. 13-0605
══════════

BROWN & GAY ENGINEERING, INC., PETITIONER,

v.

ZULEIMA OLIVARES, INDIVIDUALLY AND AS THE REPRESENTATIVE OF THE
ESTATE OF PEDRO OLIVARES, JR., & PEDRO OLIVARES, RESPONDENTS

══════════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FOURTEENTH DISTRICT OF TEXAS
══════════════════════════════════════════════════

CHIEF JUSTICE HECHT, joined by JUSTICE WILLETT and JUSTICE GUZMAN, concurring in the judgment.

Immunity protects the government. An independent contractor is not the government. Therefore, immunity does not protect an independent contractor. That simple syllogism seems to me to resolve this case.

An independent contractor may act *as* the government, in effect becoming the government for limited purposes, and when it does, it should be entitled to the government's immunity. A statutory example is Section 452.0561 of the Transportation Code, which provides that "[a]n independent contractor . . . performing a function of [certain public transportation entities] is liable for damages only to the extent that the entity . . . would be liable if the entity . . . itself were

performing the function."[1] The Court cites several cases providing other examples. But an independent contractor acting only in the service of the government is not a government actor. A statutory example of this is Section 495.005 of the Government Code, which provides that "[a] private vendor operating under a contract [for correctional facilities and services] may not claim sovereign immunity in a suit arising from the services performed".[2]

In determining whether an independent contractor is acting *as* or only *for* the government, the extent of the government's control over the independent contractor's actions is relevant but not conclusive. For example, the government's control over its lawyer is necessarily limited by the lawyer's duty under the rules of professional conduct to "exercise independent professional judgment" in representing a client.[3] That limited control notwithstanding, a lawyer has been said to be immune from suit for his conduct in representing a governmental entity.[4] Courts have concluded that a construction contractor's immunity from suit may depend, not on a governmental entity's control over the contractor's work, but rather over whether the suit complains of the very existence

---

[1] TEX. TRANSP. CODE § 452.0561; *see also id.* § 452.056(d) ("[A]n independent contractor . . . that . . . performs a function of [a regional transportation authority or certain other public transportation entities] is liable for damages only to the extent that the authority or entity would be liable if the authority or entity itself were performing the function . . . ."); *id.* § 454.002(b) ("An independent contractor that on behalf of a municipality provides mass transportation service that is an essential governmental function . . . is liable for damages only to the extent that the municipality would be liable if the municipality were performing the function."); *id.* § 460.105(c) ("[A]n independent contractor of [a coordinated county transportation authority] that performs a function of the authority is liable for damages only to the extent that the authority would be liable if the [authority] itself were performing the function.").

[2] *Id.* § 495.005.

[3] TEX. DISCIPLINARY R. PROF'L CONDUCT 2.01.

[4] *Ross v. Linebarger, Goggan, Blair & Sampson, L.L.P.*, 333 S.W.3d 736, 742, 745–747 (Tex. App.—Houston [1st Dist.] 2010, no pet.).

of a project, a governmental decision, as opposed to the contractor's performance.[5] A contractor may act for itself in the sense that it is liable for negligent performance of its work, but insofar as it is simply implementing the government's decisions it is entitled to the government's immunity.[6] An independent contractor's authority or even agency to serve the government are also relevant, but the ultimate issue is whether the independent contractor is actually authorized by the government to act in its place.

The Fort Bend County Toll Road Authority tasked Brown & Gay with selecting and designing road signs and supervised the firm's work. But the Authority did not tell Brown & Gay *how* to do the work. The discretion Brown & Gay retained separated it from the Authority and thus from the Authority's immunity.[7] I therefore concur in the Court's judgment.

But I cannot join its opinion. In my view, it is unnecessary, and also incorrect, to argue, as the Court does, that affording a highway contractor immunity does not serve immunity's purpose in

---

[5] *See Yearsley v. W.A. Ross Constr. Co.*, 309 U.S. 18, 20–21 (1940) (federal contractor immune from liability where the lawsuit attacked dikes' existence rather than the method of construction); *Ackerson v. Bean Dredging LLC*, 589 F.3d 196 (5th Cir. 2009) (concluding that federal contractors were entitled to *Yearsley*'s "government-contractor immunity" from liability where the lawsuit attacked Congress's project rather than contractors' own acts).

[6] We recognized in *Allen Keller Co. v. Foreman*, 343 S.W.3d 420, 425–426 (Tex. 2011), that a government contractor owes no duty of care to design a highway project safely where the contractor acts in strict compliance with the governmental entity's specifications. We distinguished between "the duties that may be imposed upon a contractor that has some discretion in performing the contract and a contractor that is left none". *Id.* at 425 (citing *Strakos v. Gehring*, 360 S.W.2d 787, 803 (Tex. 1962) (op. on rehearing)). That such a contractor acts as the government and may therefore be entitled to its immunity follows from the same principle.

[7] The Legislature has also recognized that compliance with governmental direction may be a prerequisite for limits on liability. *See*, *e.g.*, TEX. CIV. PRAC. & REM. CODE § 97.002 ("A contractor who constructs or repairs a highway, road, or street for the Texas Department of Transportation is not liable to a claimant for personal injury, property damage, or death arising from the performance of the construction or repair if, at the time of the personal injury, property damage, or death, the contractor is in compliance with contract documents material to the condition or defect that was the proximate cause of the personal injury, property damage, or death.").

3

shielding the government from financial liability. Brown & Gay argues that contractor liability, or the cost of insurance to cover it, increases construction costs, and consequently contract costs to the government, long-term. The Court's response is that the purpose of immunity is only to protect the government from *unforeseen* expenditures, not merely to save costs. The Court's position is contradicted by the very authority on which it relies: "While the doctrine of sovereign immunity originated to protect the public fisc from unforeseen expenditures that could hamper governmental functions, *it has been used to shield the state from lawsuits seeking other forms of relief*".[8] The Court's restricted view of the purpose of immunity is not supported by authority.

Nathan L. Hecht
Chief Justice

Opinion delivered: April 24, 2015

---

[8] *Tex. Dept. of Transp. v. Sefzik*, 355 S.W.3d 618, 621 (Tex. 2011) (per curiam) (emphasis added) (citations omitted).

4