# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 13, 2021

Lyle W. Cayce
Clerk

No. 19-10661
Summary Calendar

Joseph Johnson, Jr.,

*Plaintiff—Appellant*,

*versus*

Affiliated Computer Services, Incorporated; ACS
Education Solutions, L.L.C.,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CV-2333

Before Higginbotham, Jones, and Costa, *Circuit Judges*.

Per Curiam:[*]

Joseph Johnson, Jr., filed a civil suit in which he contended that he was entitled to a discharge of his student loans. He asserted that the defendants, whose contract with the Department of Education allegedly required them to

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-10661

service his student loans and to resolve his discharge requests, erroneously processed and denied his application for a discharge of his loans by failing to review all pertinent documents or adhere to the relevant guidelines. Johnson alleged, inter alia, that the providers committed state law torts and breached their contractual obligations by preventing him from obtaining a discharge or reimbursement. The district court granted the defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The district court reasoned that Johnson failed to state a claim for relief and dismissed the case with prejudice.

Nearly eight years later, Johnson moved for relief from the judgment under Federal Rule of Civil Procedure 60(b)(4) and (b)(6). He asserted that the defendants were acting for the Government when servicing his loans and, thus, were immune from suit based on the doctrine of "derivative sovereign immunity." He alleged that the judgment was void on jurisdictional grounds and that the disposition of his lawsuit should be modified from dismissal with prejudice to dismissal without prejudice. The district court denied the motion. Johnson now appeals from that denial.

Johnson argues that the doctrine of "derivative sovereign immunity" deprived the district court of jurisdiction, voided the judgment, and justified relief pursuant to Rule 60(b)(4). We review a ruling on a motion under Rule 60(b)(4) de novo. *See Carter v. Fenner*, 136 F.3d 1000, 1005 (5th Cir. 1998).

Derivative immunity for contractors purporting to act for the federal Government, which was suggested by the Supreme Court in *Yearsley v. W.A. Ross Constr. Co.*, 309 U.S. 18 (1940), is not based on sovereign immunity and does not deprive a federal court of subject matter jurisdiction. *Ackerson v. Bean Dredging LLC,* 589 F.3d 196, 207 (5th Cir. 2009). The Court more recently has noted that, while a contractor may obtain certain immunity in connection with work done under a government contract, a contractor does

No. 19-10661

not share the sovereign immunity of the United States. *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 672-73 (2016). To the extent that other courts have held differently, we must follow our precedent. *See United States v. Treft*, 447 F.3d 421, 425 (5th Cir. 2006).

Johnson also suggests that he is entitled to relief under Rule 60(b)(6). He contends that he identified an extraordinary circumstance that merited relief, i.e., the defendants were immune from suit to the same extent that the United States would be immune.

As noted, Johnson is incorrect in claiming that the protection afforded to contractors is tantamount to the sovereign immunity afforded to the federal Government. *See Campbell-Ewald Co.*, 136 S. Ct. at 672-73; *Ackerson*, 589 F.3d 207. Further, Johnson does not explain how, if the defendants were entitled to derivative immunity as he alleges, a finding that the defendants could not be sued would afford him relief or alter the result of the case. *See Ackerson*, 589 F.3d at 207. Because he otherwise has not alleged an exceptional circumstance that would justify disturbing the judgment, he has not established that the district court abused its discretion in denying his motion under Rule 60(b)(6). *See Buck v. Davis*, 137 S. Ct. 759, 777 (2017).

The judgment of the district court is AFFIRMED.