NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0342n.06

No. 23-6116

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Aug 02, 2024
KELLY L. STEPHENS, Clerk

YOLANDA RIGGS,

    Plaintiff-Appellee,

v.

UCOR, LLC,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE

OPINION

Before: GIBBONS, KETHLEDGE, and DAVIS, Circuit Judges.

KETHLEDGE, Circuit Judge. UCOR, LLC, fired its employee, Yolanda Riggs, after she refused to receive a Covid-19 vaccine. Riggs then sued UCOR under a Tennessee statute that prohibits employers from firing employees based on their failure to receive the vaccine. UCOR moved to dismiss, arguing that its contract with the federal government afforded it derivative immunity from Riggs's suit. The district court denied that motion. We affirm.

I.

UCOR provides environmental-cleanup services. In July 2010, the Department of Energy contracted with UCOR to perform decontamination, demolition, and environmental remediation at the Department's facilities in Oak Ridge, Tennessee. As relevant here, that contract contained a provision requiring UCOR to comply with "all applicable safety and health requirements set forth in" 10 C.F.R. § 851. ECF No. 34-1, PageID 845. Section 851, in turn, provides general guidance for reducing and preventing "occupational injuries, illnesses, and accidental losses" at the Department's project sites. 10 C.F.R. §§ 851.1, *et seq*. UCOR's contract also required it to take

"all reasonable precautions to protect the environment, health, and safety of its employees[.]" ECF No. 34-1, PageID 845.

Nearly ten years into UCOR's Oak Ridge project, the Covid-19 pandemic began. In response, in August 2021, UCOR implemented a requirement that, absent an approved accommodation, each of its employees provide proof that they received the Covid-19 vaccine no later than November 1, 2021. Employees who did not comply with UCOR's vaccine policy were subject to disciplinary action. At that time, the Department had not yet directed UCOR to require its employees to receive the vaccine, but UCOR still implemented the policy out of "concern for the safety of [its] workforce." ECF No. 34-3, PageID 1031.

Later, in September 2021, President Biden issued Executive Order 14042, which required federal contractors to "provide adequate COVID-19 safeguards to their workers[.]" 86 Fed. Reg. 50,985 (Sept. 14, 2021). Pursuant to that order, the Safer Federal Workforce Task Force promulgated guidance requiring federal contractors to have their employees vaccinated for Covid-19. *See Kentucky v. Biden*, 23 F.4th 585, 590 (6th Cir. 2022).

In compliance with that executive order and guidance, in October 2021, the Department modified its contract with UCOR, requiring UCOR's employees to receive the vaccine. But the next month, a federal district court enjoined enforcement of the executive order in Tennessee. *See Kentucky v. Biden*, 571 F. Supp. 3d 715, 735 (E.D. Ky. 2021). The government requested a stay of that injunction, but we denied that request, concluding that the president likely lacked the statutory authority to issue Executive Order 14042. *See Kentucky*, 23 F.4th at 610 n.18, 612.

Meanwhile, the Occupational Safety and Health Administration issued an "emergency temporary standard," requiring companies like UCOR to implement and enforce a Covid-19

vaccine policy. 88 Fed. Reg. 61402 (Nov. 5, 2021). Throughout those shifts in the regulatory environment, UCOR retained its August 2021 vaccination policy.

Riggs worked for UCOR as a radiation technician. When UCOR announced its vaccination policy in August 2021, she asked for a religious accommodation. UCOR denied that request. In January 2022, UCOR fired Riggs for refusing to receive the vaccine.

Riggs thereafter sued UCOR under Tenn. Code Ann. § 14-2-102(a), which provides a private right of action to employees fired for refusing to receive the Covid-19 vaccine. UCOR moved to dismiss, arguing that a federal contractor has derivative immunity from Riggs's suit. The district court denied that motion, and this appeal followed.

II.

We have jurisdiction to consider UCOR's interlocutory appeal under the collateral-order doctrine. *ACT, Inc. v. Worldwide Interactive Network, Inc.*, 46 F.4th 489, 497-98 (6th Cir. 2022). We review the district court's order de novo. *See Adkisson v. Jacobs Eng'g Grp.*, 36 F.4th 686, 694 (6th Cir. 2022) (*Adkisson II*).

Federal contractors may assert derivative immunity as a defense where (1) the government "directed" the contractor to take the action for which the plaintiff seeks to hold it liable, and (2) the government's direction was legally valid, meaning that federal law authorized the government to issue that directive. *Yearsley v. W.A. Ross Constr. Co.*, 309 U.S. 18, 20-21 (1940); *see Adkisson v. Jacobs Eng'g Grp.*, 790 F.3d 641, 645-46 (6th Cir. 2015) (*Adkisson I*).

Here, UCOR implemented its vaccination policy in August 2021, before the government directed it to do so. About two months later, the Department modified the contract to require UCOR to implement a vaccination policy. And soon thereafter, OSHA issued a similar

requirement through its emergency temporary standard. *See* 88 Fed. Reg. 61402 (Nov. 5, 2021). But UCOR does not contend that either the executive order or the OSHA standard was legally valid. *See* Appellant's Br. at 15-25; Reply at 3-5. Nor could they. Indeed, in November 2021, months before UCOR fired Riggs, a federal court enjoined enforcement of Executive Order 14042. *See Kentucky*, 571 F. Supp. 3d at 735. And we later held that the president likely lacked the authority to issue it. *Kentucky*, 23 F.4th at 610 n.18. (The president ultimately rescinded that order. *See* 88 Fed. Reg. 30891 (May 9, 2023).) The Supreme Court likewise held that OSHA lacked the statutory authority to issue its Covid-19 vaccine mandate. *NFIB v. Dep't of Labor*, 595 U.S. 109, 117 (2022).

Moreover, UCOR implemented its vaccine policy months before the government promulgated either the executive order or the OSHA standard; and here, it merely says that they show its actions were "reasonable" under the contract. Reply at 3-5. UCOR has therefore failed to show that the government validly directed it to implement its vaccine policy. *Yearsley*, 309 U.S. at 20-21.

UCOR responds that it issued its vaccine policy based on the government's requirement, in its contract, that it comply with 10 C.F.R. § 851 and take "all reasonable precautions to protect the environment, health, and safety of its employees[.]" ECF No. 34-1, PageID 845. But § 851 contains no specific Covid-vaccination requirement, and UCOR concedes that the contract gave it "discretion" to choose which health and safety measures to implement to protect its employees from Covid. Reply at 2. A contractual provision granting UCOR the discretion to choose which measures it felt were "reasonable" to protect the health of its employees does not amount to a command from the government that UCOR implement a Covid-vaccination policy. *See generally*,

*Yearsley*, 309 U.S. at 20-21.  The district court was therefore correct to hold that UCOR is not entitled to derivative immunity.

*     *     *

The district court's November 21, 2023 order is affirmed.