NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 3 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERTO ELORREAGA; ROSEMARY ELORREAGA, | No. 23-16041 |
| Plaintiffs-Appellees, | D.C. No. 4:21-cv-05696-HSG |
| v. | |
| VIACOMCBS INC., | MEMORANDUM* |
| Defendant-Appellant, | |
| ——————————————— | |
| AIR & LIQUID SYSTEMS CORPORATION; WARREN PUMPS, LLC, | |
| Intervenors. | |

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Argued and Submitted September 11, 2024
San Francisco, California

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  BYBEE and MENDOZA, Circuit Judges, and M. FITZGERALD,[**] District Judge.

Roberto Elorreaga served in the United States Navy aboard the *USS Rupertus* during the 1950s and 1960s as a machinist mate apprentice and the *USS Cowell* during the 1960s as a fireman's apprentice and an electrician's mate. Elorreaga sued several parties, including Defendant-Appellant ViacomCBS and Intervenors Air & Liquid Systems and Warren Pumps, for allegedly manufacturing or supplying the Navy with asbestos-containing equipment that caused him to develop malignant pleural mesothelioma.  After Elorreaga passed away in October 2021, his wife and sons continued to pursue this case.  The district court granted partial summary judgment to Plaintiff-Appellees, finding that Defendant-Appellant and Intervenors were not entitled to a government contractor defense against Plaintiff-Appellees' federal maritime claims.  In the same order, the district court denied Defendant-Appellant's and Intervenors' motions for summary judgment on the same issue.  However, the district court certified its order for interlocutory review by this Court pursuant to 28 U.S.C. § 1292(b).  The question before us is whether a government contractor defense applies to Plaintiff-Appellees' federal

---

[**]   The Honorable Michael W. Fitzgerald, United States District Judge for the Central District of California, sitting by designation.

2

maritime claims. We assume familiarity with the facts and applicable law and "review de novo a district court's grant or denial of summary judgment." *Nw. Env't Advocs. v. Nat'l Marine Fisheries Serv.*, 460 F.3d 1125, 1132 (9th Cir. 2006). We have jurisdiction under 28 U.S.C. § 1292(b), and we reverse and remand.

The district court centered its analysis of the government contractor defense on *Boyle v. United Techs.*, 487 U.S. 500 (1988), which describes the proper "scope of displacement" of state-law "[l]iability for design defects in military equipment" by federal law. 487 U.S. at 512. But *Boyle* is a preemption case, and it is inapplicable to Plaintiff-Appellees' federal maritime claims. *See id.* at 504 (noting that "a few areas, involving 'uniquely federal interests' . . . are so committed by the Constitution and laws of the United States to federal control that state law is pre-empted and replaced, where necessary . . . [by] so-called 'federal common law.'") (internal quotations omitted). *Boyle* does not provide the proper standard for government contractor immunity in this case.

However, Defendant-Appellant and Intervenors may assert a government contractor defense under *Yearsley v. W.A. Ross Const. Co.*, 309 U.S. 18 (1940).[1]

---

[1] The district court found that "Defendants [did] not raise a *Yearsley* defense in this case[.]" *Elorreaga v. Rockwell Automation, Inc.*, 666 F. Supp. 3d 1032, 1038 n.1 (N.D. Cal. Mar. 31, 2023). But Defendant-Appellant cited to *Yearsley* in both its affirmative motion for summary judgment and in its opposition to Plaintiffs' motion for partial summary judgment. And the district court's certified

*Yearsley* held that, if the "authority to carry out [a] project was validly conferred, that is, if what was done was within the constitutional power of Congress, there is no liability on the part of the contractor for executing its will." *Id.* at 20–21. The Supreme Court later confirmed that *Yearsley* may provide a federal government contractor with immunity against a federal law claim. *See Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 167 n.7 (2016). And we have recognized that *Yearsley* immunity applies to federal maritime claims. *See McKay v. Rockwell Intern. Corp.*, 704 F.2d 444, 447 n.1, 448 (9th Cir. 1983) (noting that the "government contractor defense" was "first articulated by the Supreme Court in *Yearsley*," and applied in a case where "the relevant law is the same under general maritime law as under the Death on the High Seas Act"); *see also Koohi v. United States*, 976 F.2d 1328, 1336–37 (9th Cir. 1992) (finding that the government contractor defense precluded certain Public Vessels Act claims brought against weapons manufacturers). Consequently, the district court erred by failing to consider how *Yearsley* applied to Plaintiff-Appellees' claims.

---

order granting Plaintiffs' motion for partial summary judgment effectively precludes Defendants from asserting *any* government contractor defense, including one based on *Yearsley*. *See id.* at 1046 ("[T]he Court . . . GRANTS Plaintiffs' motion for summary judgment as to the government contractor defense.").

We reverse the district court's grant of partial summary judgment to Plaintiff-Appellees, and we reverse its denial of summary judgment to Defendant-Appellant and Intervenors. We remand for the district court to consider whether the government contractor defense applies in this case.

**REVERSED AND REMANDED.**