**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| TERRANCE D. CABALCE, individually and as Personal Representative of the Estate of Bryan Dean Cabalce; GAIL S. CABALCE, *Plaintiffs-Appellees*, | No. 13-15256 D.C. No. 1:12-cv-00373-JMS-RLP |

v.

THOMAS E. BLANCHARD & ASSOCIATES, INC.; RICHARD BRATT; HIDC SMALL BUSINESS STORAGE LLC; HAWAIIAN ISLAND DEVELOPMENT CO., INC.; HAWAIIAN ISLAND HOMES LTD.; HAWAIIAN ISLAND COMMERCIAL LTD.; FORD ISLAND VENTURES, LLC,
*Defendants*,

v.

VSE CORPORATION,
*Defendant-Third-Party-Plaintiff–Appellant*,

and

DONALD ENTERPRISES, INC.; UNITED STATES OF AMERICA,
*Third-Party-Defendants*.

CHARLIZE LEAHEY IRVINE,
individually and as Personal
Representative of the Estate of
Robert Leahey, deceased; CHARLES
LEAHEY, JR., individually; JAMES
LEAHEY, individually; MICHAEL
LEAHEY, individually,
           *Plaintiffs-Appellees*,

           v.

THOMAS E. BLANCHARD &
ASSOCIATES, INC.; RICHARD BRATT;
HIDC SMALL BUSINESS STORAGE
LLC; HAWAIIAN ISLAND
DEVELOPMENT CO., INC.; HAWAIIAN
ISLAND HOMES LTD.; HAWAIIAN
ISLAND COMMERCIAL LTD.; FORD
ISLAND VENTURES, LLC,
           *Defendants*,

           v.

VSE CORPORATION,
     *Defendant-Third-Party-Plaintiff–
           Appellant*,

           and

DONALD ENTERPRISES, INC.; UNITED
STATES OF AMERICA,
           *Third-Party-Defendants*.

No. 13-15259

D.C. No.
1:12-cv-00391-
JMS-RLP

GEORGE JOSEPH KELII, individually and as Co-Personal Representative of the Estate of Justin Joseph Kellii, Deceased; PRISCILLA ANN KELII; DANIELLE THERESA BATTISTI, individually and as Co-Personal Representative of the Estate of Justin Joseph Kellii, Deceased; DEBORAH ANN DULARTE, individually and as Co-Personal Representative of the Estate of Justin Joseph Kellii, Deceased; DENISE MARIE KELLII HIRANO; JOSHUA KELLII; JAYMEE KELLII,

*Plaintiffs-Appellees*,

v.

THOMAS E. BLANCHARD & ASSOCIATES, INC.; RICHARD BRATT; HIDC SMALL BUSINESS STORAGE LLC; HAWAIIAN ISLAND DEVELOPMENT CO., INC.; HAWAIIAN ISLAND HOMES LTD.; HAWAIIAN ISLAND COMMERCIAL LTD.; FORD ISLAND VENTURES, LLC,

*Defendants*,

and

VSE CORPORATION,
*Defendant-Third-Party-Plaintiff–Appellant*,

No. 13-15265

D.C. No.
1:12-cv-00376-JMS-RLP

and

DONALD ENTERPRISES, INC.; UNITED
STATES OF AMERICA,
          *Third-Party-Defendants*.

HEATHER FREEMAN, Individually,
and as Next Friend of Maleia Mika
Freeman, a minor, and as Personal
Representative of the Estate of
Robert Kevin Donor Freeman,
Deceased; ROBERT FREEMAN; EMMA
FREEMAN; MARTIN WILLIAM
SPRANKLE, Individually, and as
Personal Representative of the Estate
of Neil Benjamin Sprankle,
Deceased; UNHEE SEO,
          *Plaintiffs-Appellees*,

v.

THOMAS E. BLANCHARD &
ASSOCIATES, INC.; RICHARD BRATT;
HIDC SMALL BUSINESS STORAGE
LLC; HAWAIIAN ISLAND
DEVELOPMENT CO., INC.; HAWAIIAN
ISLAND HOMES LTD.; HAWAIIAN
ISLAND COMMERCIAL LTD.; FORD
ISLAND VENTURES, LLC,
          *Defendants*,

No. 13-15266

D.C. No.
1:12-cv-00377-
JMS-RLP

OPINION

and

VSE CORPORATION,
	*Defendant-Third-Party-Plaintiff–*
		*Appellant*,

and

DONALD ENTERPRISES, INC.; UNITED
STATES OF AMERICA,
		*Third-Party-Defendants*.

Appeals from the United States District Court
for the District of Hawaii
J. Michael Seabright, District Judge, Presiding

Argued and Submitted
October 7, 2014—Honolulu, Hawaii

Filed August 13, 2015

Before:  A. Wallace Tashima, Johnnie B. Rawlinson,
and Richard R. Clifton, Circuit Judges.

Opinion by Judge Rawlinson

## SUMMARY[*]

### Removal

The panel affirmed the district court's order remanding to state court several actions that sought to impose liability on VSE Corporation for a deadly explosion involving fireworks that were seized by the federal government and which VSE agreed to store and destroy.

The plaintiffs, who were the families or representatives of people killed by the explosion of fireworks, filed complaints in Hawaii state court. VSE removed the four state court actions to federal district court pursuant to 28 U.S.C. § 1442(a)(1). VSE maintained that removal was proper because it acted "under the color of the United States" pursuant to its contract with the federal government, and because it had colorable federal defenses premised on derivative sovereign immunity and the government contractor defense.

The panel held that VSE did not demonstrate by a preponderance of the evidence the requisite casual nexus between the plaintiffs' claim and direction or control of the project by a federal agency or official.

The panel also held that federal officer removal was not warranted because VSE failed to demonstrate that it had a colorable federal defense to the plaintiffs' claims. The panel held that VSE, as a non-military contractor, was not able to

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

assert a plausible government contractor defense. The panel further held that VSE did not establish that the federal government reviewed in detail the destruction plan that had been independently devised by VSE and others. Finally, the panel held that VSE was unable to satisfy the requirements for derivative sovereign immunity because VSE did not plausibly demonstrate that it completely lacked discretion in independently devising the destruction plan.

## COUNSEL

Kurt James Hamrock (argued), Raymond B. Biagini, Lisa Norrett Himes, and Shannon Gibson Konn, McKenna Long & Aldridge LLP, Washington, D.C., for Defendant-Appellant.

Steven K. Hisaka (argued) and Gail Y. Cosgrove, Hisaka Yoshida & Cosgrove, Honolulu, Hawaii; and Jan M. Weinberg, Honolulu, Hawaii, for Plaintiffs-Appellees.

## OPINION

RAWLINSON, Circuit Judge:

Pursuant to a contract with the United States Department of the Treasury, Appellant VSE Corporation (VSE) agreed to store and destroy fireworks that had been seized by the federal government. VSE challenges the district court's order remanding to state court several actions that sought to impose liability on VSE for a deadly explosion involving the seized fireworks. VSE contends that removal to federal court pursuant to 28 U.S.C. § 1442 was proper because it acted

under the directions of a federal officer when it stored and attempted to destroy the fireworks. VSE also argues that VSE adequately asserted two colorable federal defenses – the government contractor defense and derivative sovereign immunity. We disagree, and affirm the district court's order.

## I. *BACKGROUND*

This case stems from a deadly explosion involving seized fireworks that were stored by VSE on behalf of the federal government prior to the planned destruction of the fireworks. VSE entered into a contract with the Treasury Executive Office for Asset Forfeiture for the storage and disposal of seized property. The contract specified that VSE "shall provide all services, materials, supplies, supervision, labor, and equipment, except that specified herein as Government-furnished, to perform all property management and disposition work . . ." VSE was responsible for the disposition of seized property in accordance with instructions "issued by the seizing or blocking agency. . . ." VSE was required to "destroy General Property as prescribed and directed by the responsible seizing or blocking agency designated representative on the disposition order," and to comply with federal, state, and local laws and regulations when destroying hazardous materials. Additionally, the contract provided that "[a]ll destructions must be coordinated and approved by the responsible seizing or blocking agency designated representative. Failure to coordinate and obtain prior approval of all destruction activity will result in unallowable costs. . . ."

The contract's indemnity clause specified that:

The Contractor is "an Independent Contractor" and shall obtain all necessary insurance to protect Project Personnel from liability arising out of the Contract. The Contractor hereby agrees to indemnify and hold the Government and its employees harmless in connection with any loss or liability from damage to or destruction of property, or from injuries to or death of persons (including the agents and employees of both parties) if such damage, destruction, injury, or death arises out of, or is caused by, performance of work under the Contract, unless such damage, destruction, injury, or death is caused solely by the active negligence of the Government or its employees. The Contractor agrees to include this clause, appropriately modified, in all subcontracts to be performed under the Contract.

With respect to safety precautions, the contract delineated that:

The Contractor shall be responsible for all damages to persons or property that occurs as a result of its, its subcontractors, or any of its or its or its [sic] subcontractor's employee's fault or negligence. The Contractor shall take proper safety and health precautions to protect the work, the workers, the public and property of others. The Contractor shall also be responsible for all materials delivered and work performed until completion and acceptance of the service.

According to James Fallon (Fallon), a vice-president of VSE, pursuant to the contract, VSE was storing fireworks that had been seized by the federal government. The seizures, referred to as the Haleamau and Chang seizures, were part of a criminal case requiring maintenance of the fireworks as evidence. Fallon related that the Haleamau seizure "consisted of 1,370 cartons of fireworks" and that the Chang seizure "consisted of a total of 296 cartons of fireworks. . . ."

The seized fireworks were actually stored by Donaldson Enterprises, Inc. (Donaldson), a subcontractor utilized by VSE. Tragically, storage and destruction of the fireworks did not proceed as planned. An explosion of fireworks in a commercial storage facility resulted in the deaths of five individuals.

Terrance Cabalce, the father of Bryan Cabalce (Cabalce), filed a complaint in Hawaii state court alleging that VSE was liable for the death of his son. The complaint alleged that Cabalce was employed by Donaldson, which was hired by VSE to store, transport, dismantle, and dispose of the seized fireworks. According to the complaint, VSE negligently caused Cabalce's death by failing to eliminate the dangers associated with the fireworks; disposing of the fireworks in the same area where the fireworks were stored; utilizing tools and pumps that may have caused the ignition of the fireworks; storing the fireworks in a confined area that was susceptible to static electricity; and using diesel oil to dismantle the fireworks. The complaint also alleged that VSE's dismantlement and transportation of the fireworks was an ultra-hazardous activity and that VSE was liable "under the theories of strict liability for breach of warranty, defective design, conducting an ultra-hazardous activity, breach of implied warranty of habitability, implied warranty of fitness

for a particular purpose, other applicable warranties, *respondeat superior*, *res ipsa loquitor*, agency liability, partnership liability, and/or otherwise."

Plaintiff Charlize Leahey Irvine (Irvine) filed a complaint in Hawaii state court against VSE for the death of Robert Leahey (Leahey), another Donaldson employee. According to the complaint, Leahey was working in a storage unit leased by Donaldson that contained "39 plastic wrapped pallets of fireworks (1370 cartons containing 5480 fireworks")" and "approximately 17–55 gallon barrels, some of which contained diesel fuel oil and a mixture of other combustible/explosive materials." Irvine alleged that Leahey and five other Donaldson employees were dismantling the fireworks "by cutting open the casings of the fireworks with a cutting tool similar to a scissors and mixing the gun powder removed from the casings with the diesel fuel. The employees used a small pump to move the diesel fuel from full barrels of diesel fuel to the barrels containing gun powder." Irvine averred that, after the work was moved inside the storage unit when it started to rain, an explosion occurred that "was so great that debris was blown over 150 feet from the front doors of the storage unit. Three vehicles parked outside of the storage unit caught fire and burned from the intense heat and fire from the explosion."

Irvine alleged that VSE was negligent because VSE should have known that the premises were unsafe; VSE failed to adequately warn the employees about the dangerous conditions; VSE did not properly supervise and manage the Donaldson employees in storing and disposing of the seized fireworks; and VSE did not devise appropriate safety procedures. Irvine also asserted theories of strict liability and the performance of ultra-hazardous activities associated with

storing, dismantling, handling, transporting, and disposing of fireworks and explosives.

The families or representatives of the estates for two other Donaldson employees killed in the explosion, Robert Freeman and Justin Joseph Kelii, filed similar complaints against VSE in Hawaii state court.

VSE removed all four state court actions to federal district court pursuant to 28 U.S.C. § 1442(a)(1). VSE maintained that removal was proper because it acted "under the color of the United States" pursuant to its contract with the federal government, and because it had colorable federal defenses premised on derivative sovereign immunity and the government contractor defense.

In addition, VSE filed a third-party complaint against the United States seeking contribution and equitable indemnity under the Federal Tort Claims Act (Tort Claims Act). VSE alleged that the United States "had a duty to disclose and provide a warning as to the severe risk of harm posed by the fireworks that it controlled, possessed and/or owned." VSE also asserted that the United States failed to warn VSE or Donaldson "concerning the potential for catastrophic risk of harm" related to the fireworks and that the United States failed to exercise ordinary care when it consigned the fireworks to VSE.

The district court granted the United States' motion to dismiss VSE's third-party complaint for lack of subject matter jurisdiction. Applying the independent contractor exception, the district court held that the United States was not liable under the Tort Claims Act for the alleged negligent

acts committed by VSE and Donaldson in destroying the fireworks. The district court determined:

> Neither the Complaints nor the Third-Party Complaints allege (and the record contains no such evidence) that *any* government employee or agency controlled or substantially supervised the day-to-day destruction of the fireworks. Rather, all indications are that Donaldson and VSE were performing under their respective contracts. No one disputes that Donaldson and VSE devised and prepared the destruction plans (both the plan that [the Bureau of Customs and Border Protection] approved on April 28, 2010, and the modified procedure discussed between Donaldson and VSE on March 28, 2011). And, indeed, the VSE prime contract specifically declares that VSE is an Independent Contractor and shall obtain all necessary insurance to protect Project Personnel from liability arising out of the Contract.

(citations, alteration, and internal quotation marks omitted) (emphasis in the original). The district court observed that "even assuming the VSE contract gave the government the ability to enforce safety regulations, VSE or Donaldson personnel were still not employees for purpose[s] of [Tort Claims Act] liability." (citation and internal quotation marks omitted).

The district court held that dismissal of the third-party complaint against the United States was warranted under the discretionary function exception to the Tort Claims Act,

because the United States contractually assigned the destruction of the fireworks to VSE and Donaldson. The district court observed that "[t]he record is undisputed that Donaldson . . . prepared the destruction plan for VSE, and that VSE obtained government approval only after Donaldson obtained the necessary permit. VSE and Donaldson provided the government with detailed safety parameters as part of the plan, not the other way around. . . ." The district court also observed that Donaldson was licensed to handle "high explosives."

The district court subsequently granted the plaintiffs' motions to remand their cases to Hawaii state court. *See Cabalce v. VSE Corp.*, 922 F.Supp.2d 1113, 1115 (D. Haw. 2013). The district court noted that, in its prior order dismissing VSE's third-party complaint against the United States, it determined that VSE was an independent contractor under the Tort Claims Act. *See id.* at 1116. Consistent with that determination, the district court concluded that VSE was unable to demonstrate that it acted under the direct orders or regulations of the federal government because VSE operated as an independent contractor who devised and modified the destruction plan in the absence of governmental supervision. *See id.* at 1122–23. Because VSE functioned as an independent contractor, the "independent contractor" exception in the Tort Claims Act barred VSE's claims against the United States. *See id.* at 1116–17.

The district court also rejected VSE's assertion that removal was proper based on the government contractor defense and derivative sovereign immunity. *See id.* at 1123–29. The district court explained that the government contractor defense was inapplicable because VSE was not acting under direct orders or regulations of the federal

government and was unable to identify any precise specifications precluding VSE's ability to comply with its duty to warn. *See id.* at 1123–25. The district court observed that the broad discretion conferred upon VSE and Donaldson in developing and implementing the destruction plan further undermined a government contractor defense. *See id.* at 1124.

The district court held that derivative sovereign immunity did not extend to VSE because the defense was unavailable to independent contractors who acted negligently. *See id.* at 1125–27. The district court rejected VSE's argument that derivative sovereign immunity applied because VSE was strictly liable for its performance of the ultra-hazardous activity of destroying the fireworks. *See id.* at 1126–28. The district court determined that VSE's strict liability argument was unavailing because that defense required proof of an agency relationship, which VSE lacked as an independent contractor. *See id.* at 1128–29. The district court granted VSE's motion to stay its order remanding the actions to state court pending appeal.

VSE filed timely notices of appeal.

## II. *STANDARD OF REVIEW*

"We review *de novo* a district court's decision to remand a removed case and its determination that it lacks subject matter jurisdiction. . . ." *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 938 (9th Cir. 2006) (citations omitted).[1]

---

[1] Because this case was removed from state court pursuant to 28 U.S.C. § 1442, we have jurisdiction to review the order remanding the action to state court. *See* 28 U.S.C. § 1447(d) (" An order remanding a case to the

## III.   *DISCUSSION*

### A. The Lack of a Causal Nexus Between the Plaintiffs' Claims and a Federal Officer's Directions

VSE contends that removal was proper pursuant to 28 U.S.C. § 1442(a)(1) because there was a causal nexus between the work it performed at the direction of the United States and the plaintiffs' claims.  VSE maintains that the United States contractually delegated authority to VSE and that there was a causal connection between VSE's performance of federal duties and the plaintiffs' claims.

Pursuant to 28 U.S.C. § 1442(a)(1):

> (a) A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending: (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of

State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise.").

Congress for the apprehension or punishment
of criminals or the collection of the revenue.

"[T]he federal officer removal statute authorizes removal
of a civil action brought against any person acting under an
officer of the United States for or relating to any act under
color of such office." *Leite v. Crane Co.*, 749 F.3d 1117,
1120 (9th Cir. 2014) (citation, footnote reference, and internal
quotation marks omitted). "To invoke the statute, [VSE]
must show that (1) it is a person within the meaning of the
statute, (2) a causal nexus exists between plaintiffs' claims
and the actions [VSE] took pursuant to a federal officer's
direction, and (3) it has a colorable federal defense to
plaintiffs' claims." *Id.* (citation and internal quotation marks
omitted).

VSE faces a steep hurdle in demonstrating the requisite
causal nexus between the plaintiffs' claims and a federal
officer's direction because VSE did not challenge the district
court's factual findings supporting its dismissal of VSE's
third-party complaint against the United States.**[2]**  As the
Supreme Court has articulated:

The relevant relationship is that of a private
person "*acting under*" a federal "officer" or
"agency."  In this context, the word "under"
must refer to what has been described as a
relationship that involves "acting in a certain
capacity, considered in relation to one holding
a superior position or office."    That

**[2]** VSE's counsel represented before the district court that he would not
"argue with the law of the case" concerning the district court's prior
finding that VSE did not act at the direction of the federal government.

relationship typically involves "subjection, guidance, or control.". . .

*Watson v. Phillip Morris Cos., Inc.*, 551 U.S. 142, 151 (2007) (citations omitted) (emphasis in the original). In dismissing VSE's third-party complaint, the district court determined that "[n]either the Complaints nor the Third-Party Complaints allege (and the record contains no such evidence) that *any* government employee or agency controlled or substantially supervised the day-to-day destruction of the fireworks. . . ." The district court also concluded that "[t]he record is undisputed that Donaldson . . . prepared the destruction plan for VSE, and that VSE obtained government approval only after Donaldson obtained the necessary permit. VSE and Donaldson provided the government with detailed safety parameters as part of the plan, not the other way around. . . ."

Thus, a significant flaw in VSE's argument that the federal government directed its work is the lack of any evidence of the requisite federal control or supervision over the handling of the seized fireworks. *See Leite*, 749 F.3d at 1122 (articulating that the party invoking federal officer removal "bears the burden of proving by a preponderance of the evidence that the colorable federal defense and causal nexus requirements for removal jurisdiction have been met") (citation and footnote reference omitted); *see also Autery v. United States*, 424 F.3d 944, 956 (9th Cir. 2005) ("With a 12(b)(1) motion, a court may weigh the evidence to determine whether it has jurisdiction. . . .") (citation omitted). The record is bereft of any factual support for VSE's assertion that its conduct was causally connected to the federal government's "subjection, guidance, or control." *Watson*, 551 U.S. at 151. Notably missing is any evidence reflecting that Donaldson and VSE operated under federal supervision

or control in developing the destruction plan itself. Rather, "[t]he government was relying on the expertise of [VSE] and not vice versa." *In re Hanford Nuclear Reservation Litig.*, 534 F.3d 986, 1007 (9th Cir. 2008), *as amended*.

VSE also relies extensively on its contractual duties to handle, store, and destroy the seized fireworks. However, the contract defines VSE's duties in handling hazardous and dangerous materials in general terms and VSE points to no contractual provisions or specifications from a federal officer relevant to its destruction of the seized fireworks. Moreover, VSE's reliance on contractual generalities to shield it from liability completely excises provisions establishing the nature of VSE's contractual relationship with the federal government. In particular, the contract unambiguously provides:

> The Contractor is an Independent Contractor and shall obtain all necessary insurance to protect Project Personnel from liability arising out of the Contract. The Contractor hereby agrees to indemnify and hold the Government and its employees harmless in connection with any loss or liability from damage to or destruction of property, or from injuries to or death of persons (including the agents and employees of both parties) if such damage, destruction, injury, or death arises out of, or is caused by, performance of work under the Contract, unless such damage, destruction, injury, or death is caused solely by the active negligence of the Government or its employees. The Contractor agrees to include this clause, appropriately modified, in all

subcontracts to be performed under the
Contract.

The contract provides with respect to safety precautions that:

> The Contractor shall be responsible for all
> damages to persons or property that occurs as
> a result of its, its subcontractors, or any of its
> or its or its [sic] subcontractor's employee's
> fault or negligence. The Contractor shall take
> proper safety and health precautions to protect
> the work, the workers, the public and property
> of others. The Contractor shall also be
> responsible for all materials delivered and
> work performed until completion and
> acceptance of the service.

VSE's parsing of the contract in an attempt to support federal
officer removal is unavailing.

Fundamentally, VSE challenges the district court's
reliance on VSE's status as an independent contractor.
Independent contractors may be afforded the benefits of
federal officer removal in theory, *see Boyle v. United Tech.
Corp.*, 487 U.S. 500, 505 (1988), and the district court's
analysis was not inconsistent with that theory. Rather than
holding that VSE was precluded as a matter of law from
seeking federal officer removal as an independent contractor,
the district court considered VSE's independent contractor
status as a component of its analysis that VSE could not
demonstrate the requisite causal nexus for federal officer
removal. In particular, the district court referenced VSE's
independent contractor status, other contract provisions, and
Donaldson's and VSE's independent development of the

destruction plan, to support its conclusion that "VSE and Donaldson were not acting under direct orders or comprehensive and detailed regulations of the government." *Cabalce*, 922 F.Supp.2d at 1122 (citation and internal quotation marks omitted). Given the paucity of evidence presented by VSE, the district court determined that VSE, as an independent contractor, simply could not "exclude the possibility that the removed action was based on acts or conduct of VSE not justified by VSE's federal duty." *Id.* at 1123 (citation and alteration omitted). The district court concluded that acts "occurr[ing] under the general auspices of federal direction" were not acts of a government agency or official. *Id.* at 1122–23. This conclusion was not erroneous.[3]

---

[3] VSE contends that the district court in *Anchorage v. Integrated Concepts & Research Corp.*, No. 3:13-cv-00063-SLG, 2013 WL 6118485 (D. Alaska 2013) rejected the *Cabalce* district court's holding that an independent contractor is not eligible for federal officer removal. However, the district court in *Integrated Concepts* merely observed that "whether a federal contractor is termed an independent contractor is not dispositive of section 1442 removal. The focus for this inquiry is instead whether the contractor assisted or helped the government, and performed duties that the government would otherwise have to perform. . . ." *Id.* at *4 (internal quotation marks omitted). As discussed, the district court in *Cabalce* did not simply label VSE an independent contractor and conclude that VSE was thereby barred from seeking federal officer removal. Instead, the district court considered VSE's independent contractor status, particularly given VSE's contract-based assertions, as one component of its analysis; and VSE's failure to proffer any evidence that it operated under the federal government's guidance, control, and supervision as another component of its analysis. *See Cabalce*, 922 F.Supp.2d at 1122–23. Moreover, the district court in *Integrated Concepts* distinguished *Cabalce* on the basis that, unlike in *Integrated Concepts*, the government did not exercise extensive day-to-day control over the contractors in *Cabalce*. *See Integrated Concepts*, 2013 WL 6118485, at *4.

Finally, VSE faults the district court for not following its prior decision in *Leite v. Crane Co.*, 868 F.Supp.2d 1023 (D. Haw. 2012), which we recently affirmed. *See Leite*, 749 F.3d at 1124. However, as reflected in our decision, *Leite* is entirely distinguishable from the present appeal. The defendant in *Leite*, a military contractor, was sued for failing to warn about asbestos in military equipment. The contractor demonstrated that federal officer removal was warranted by producing extensive evidence of federal control, including "*detailed specifications* governing the form and content of all warnings that equipment manufacturers were required to provide, both on the equipment itself and in accompanying technical manuals." *Leite*, 749 F.3d at 1123 (emphasis added). Additionally, "the Navy was *directly involved* in preparing the manuals, which included safety information about equipment operation . . . [E]quipment manufacturers could not include warnings beyond those specifically required and approved by the Navy, and . . . the Navy's specifications did not require equipment manufacturers to include warnings about asbestos hazards. . . ." *Id.* (emphasis added). In contrast to the persuasive showing by the Defendant in *Leite*, VSE failed to provide any evidence of federal control or supervision over the planned destruction of the fireworks. If anything, *Leite* bolsters our conclusion that VSE did not meet its "burden of proving by a preponderance of the evidence that the colorable federal defense and causal nexus requirements for removal jurisdiction have been met." *Leite*, 749 F.3d at 1122 (citation and footnote reference omitted).[4]

---

[4] VSE's reliance on *Bennett v. MIS Corp.*, 607 F.3d 1076 (6th Cir. 2010) and *Isaacson v. Dow Chem. Co.*, 517 F.3d 129 (2d Cir. 2008) is misplaced. Unlike VSE, the defendants in *Bennett* and *Isaacson* amply demonstrated the requisite federal supervision, control, and direction. In *Bennett*, a case involving mold remediation firms hired by the Federal

## B. Colorable Federal Defenses

Even if VSE presented sufficient evidence of the causal nexus between the plaintiffs' claims and the actions of a federal officer, VSE's pursuit of federal officer removal would still falter because it did not demonstrate the requisite colorable federal defense. *See Leite*, 749 F.3d at 1120 ("To invoke the statute, [VSE] must show that (1) it is a person within the meaning of the statute, (2) a causal nexus exists between plaintiffs' claims and the actions [VSE] took pursuant to a federal officer's direction, *and* (3) it has a colorable federal defense to plaintiffs' claims.") (citation and internal quotation marks omitted) (emphasis added).

### 1. Government Contractor Defense

Relying on *Boyle*, VSE contends that federal officer removal was proper because it asserted a colorable government contractor defense. In *Boyle*, the Supreme Court held that military contractors involved in the design of

---

Aviation Administration (FAA), "[t]he FAA contracts included precise specifications" and "Federal officers closely monitored [the defendant's] work. Specifically, each contract designated a federal officer who directly supervised each remediation. These on-site federal officers . . . were prohibited from modifying or deviating from the FAA's specifications without first obtaining the signature of the Lead Contractor Officer . . ." 607 F.3d at 1082, 1087 (alteration, footnote reference, and internal quotation marks omitted). In *Isaacson*, the federal government contracted with several chemical companies to develop Agent Orange. *See* 517 F.3d at 133. The Second Circuit held that federal officer removal was proper because "the Government knew that Agent Orange contained dioxin, and the Government controlled the method of formulation. The action that Plaintiffs challenge, the production of dioxin, naturally would have occurred during the performance of these government-specified duties. . . ." *Id.* at 138.

military equipment should not be held liable for state law claims. The Supreme Court articulated:

> Liability for design defects in military equipment cannot be imposed, pursuant to state law, when (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States. . . .

*Boyle*, 487 U.S. at 512. As we have recognized, "[t]his defense protects government contractors from tort liability that arises as a result of the contractor's compliance with the specifications of a federal government contract." *Getz v. Boeing Co.*, 654 F.3d 852, 860 (9th Cir. 2011) (citations, alteration, and internal quotation marks omitted).

"In the Ninth Circuit, however, [the government contractor defense] is only available to contractors who design and manufacture military equipment." *Snell v. Bell Helicopter Textron, Inc.*, 107 F.3d 744, 746 n.1 (9th Cir. 1997) (citation omitted). This precedent renders the government contractor defense unavailable to VSE, a non-military contractor.[5]

---

[5] VSE candidly acknowledges that "[t]his Court has not yet applied the government contractor defense outside of military contracts . . ." Nevertheless, VSE contends that it was entitled to invoke the government contractor defense because it is plausible that the defense may apply outside of the military context. For example, in *Integrated Concepts*, the district court opined that "the government contractor defense could plausibly be invoked by a contractor hired by a federal civilian agency to

Even if applicable, VSE did not demonstrate by a preponderance of the evidence a colorable government contractor defense because "[t]he government's approval of a particular specification must be more than a cursory rubber stamp approving the design." *Getz*, 654 F.3d at 861 (citation and internal quotation marks omitted). "Rather, approval must result from a continuous exchange and back and forth dialogue between the contractor and the government." *Id.* (citation and internal quotation marks omitted). "When the government engages in a thorough review of the allegedly defective design and takes an active role in testing and implementing that design, [the] first element is met." *Id.* (citation omitted). As discussed, VSE failed to proffer any evidence that the government approved "a particular specification" for the fireworks' destruction after "a continuous exchange and back and forth dialogue between the contractor and the government," as opposed to "a cursory rubber stamp." *Id.*[6]

---

design and construct a local infrastructure project." 2013 WL 6118485 at *7 (footnote reference omitted). However, our binding precedent has not reached a similar conclusion. *See Snell*, 107 F.3d at 746 n.1. Indeed, VSE points to no authority permitting the panel to overrule its precedent limiting the government contractor defense to military contractors. *See United States v. Hernandez-Estrada*, 749 F.3d 1154, 1160 (9th Cir. 2014) (en banc) (emphasizing that "[t]he three judge panel lack[s] the authority to alter circuit law without an intervening Supreme Court or en banc decision that was clearly irreconcilable with our circuit precedent") (citation omitted).

[6] VSE insists that the district court improperly weighed the evidence and made factual determinations in holding that VSE failed to present a colorable government contractor defense. However, we have held in the federal officer removal context that "[b]ecause plaintiffs have raised a factual attack on [the defendant's] jurisdictional allegations, [the defendant] must support its allegations with competent proof." *Leite*, 749

## 2. Derivative Sovereign Immunity

Relying on *Yearsley v. W.A. Ross Constr. Co.*, 309 U.S. 18 (1940), VSE asserts that it is entitled to derivative sovereign immunity because VSE performed delegated governmental functions pursuant to its federal contract.

In *Yearsley*, a company that built dikes on the Missouri River pursuant to a federal contract was sued for "using large boats with paddles and pumps to produce artificial erosion [that] washed away a part of petitioners' land. . . ." *Id.* at 19. The Supreme Court observed that it was "undisputed that the work which the contractor had done in the river bed was all authorized and directed by the Government of the United States for the purpose of improving the navigation of this navigable river. . . ." *Id.* at 20 (internal quotation marks omitted). The Supreme Court concluded that the company was not liable because "if the authorized action in this instance does constitute a taking of property for which there must be just compensation under the Fifth Amendment, the Government has impliedly promised to pay that compensation and has afforded a remedy for its recovery by a suit in the Court of Claims. . . ." *Id.* at 21 (citations omitted). "It follows that as the Government in such a case promises just compensation and provides a complete remedy, action which constitutes the taking of property is within its constitutional power and there is no ground for holding its

---

F.3d at 1122 (citation omitted). The defendant "bears the burden of proving by a preponderance of the evidence that the colorable federal defense and causal nexus requirements for removal jurisdiction have been met." *Id.* (citation and footnote reference omitted). Additionally, "if the existence of jurisdiction turns on disputed factual issues, the district court may resolve those factual disputes itself. . . ." *Id.* at 1121–22 (citations omitted).

agent liable who is simply acting under the authority thus validly conferred. The action of the agent is the act of the government." *Id.* at 21–22 (citation and internal quotation marks omitted).

We have held that derivative sovereign immunity, as discussed in *Yearsley*, is limited to cases in which a contractor "had no discretion in the design process and completely followed government specifications." *In re Hanford Nuclear Reservation Litig.*, 534 F.3d at 1001 (citation omitted). We clarified that "[n]othing in *Yearsley* extended immunity to military contractors exercising a discretionary governmental function." *Id.* (citation omitted). Even if we applied *Yearsley*, VSE would not benefit, because the record does not reflect that VSE and Donaldson "had no discretion" in devising the destruction plan for the fireworks. *Id.* In fact, the record evinces a contrary conclusion. As the district court aptly observed, it was undisputed that Donaldson and VSE designed the destruction plan without government control or supervision.

## IV.   *CONCLUSION*

The district court properly remanded the plaintiffs' actions to state court. VSE did not demonstrate by a preponderance of the evidence the requisite causal nexus between the plaintiffs' claims and direction or control of the project by a federal agency or official. Indeed, VSE presented no evidence reflecting that the destruction plan for the fireworks was devised under the direction, supervision, or control of a federal officer as required for federal officer removal.

Additionally, federal officer removal was not warranted because VSE failed to demonstrate that it had a colorable federal defense to the plaintiffs' claims. As a non-military contractor, VSE was not able to assert a plausible government contractor defense. Neither did VSE establish that the federal government reviewed in detail the destruction plan that had been independently devised by VSE and Donaldson. Finally, VSE was unable to satisfy the requirements for derivative sovereign immunity. Our precedent precludes that defense because VSE did not plausibly demonstrate that it completely lacked discretion in independently devising the destruction plan.

The judgment of the district court in each of these four actions is **AFFIRMED.**