ORDER GRANTING MOTIONS TO REMAND
VINCE CHHABRIA, United States District Judge *937 The plaintiffs' motions to remand are granted.
Because federal common law does not govern the plaintiffs' claims, it also does not preclude them from asserting the state law claims in these lawsuits. Simply put, these cases should not have been removed to federal court on the basis of federal common law that no longer exists.
2. Nor was removal warranted under the doctrine of complete preemption. State law claims are often preempted by federal law, but preemption alone seldom *938 justifies removing a case from state court to federal court. Usually, state courts are left to decide whether state law claims are preempted by federal law under principles of "express preemption," "conflict preemption" or "field preemption." And state courts are entirely capable of adjudicating that sort of question. See, e.g. , Smith v. Wells Fargo Bank, N.A. , 135 Cal.App.4th 1463, 38 Cal.Rptr.3d 653, 665-73 (Cal. Ct. App. 2005), as modified on denial of reh'g (Jan. 26, 2006); Carpenters Health & Welfare Trust Fund for California v. McCracken , 83 Cal.App.4th 1365, 100 Cal.Rptr.2d 473, 474-77 (Cal. Ct. App. 2000). A defendant may only remove a case to federal court in the rare circumstance where a state law claim is "completely preempted" by a specific federal statute-for example, section 301 of the Labor Management Relations Act, section 502 of the Employment Retirement Income Security Act, or sections 85 and 86 of the National Bank Act. See Sullivan v. American Airlines, Inc. , 424 F.3d 267, 271-73 (2d Cir. 2005). The defendants do not point to any applicable statutory provision that involves complete preemption. To the contrary, the Clean Air Act and the Clean Water Act both contain savings clauses that preserve state causes of action and suggest that Congress did not intend the federal causes of action under those statutes "to be exclusive." 42 U.S.C. §§ 7604(e), 7416 ; 33 U.S.C. §§ 1365(e), 1370 ; Beneficial National Bank v. Anderson , 539 U.S. 1, 9 n.5, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003) ; Bell v. Cheswick Generating Station , 734 F.3d 188, 194-97 (3d Cir. 2013). There may be important questions of ordinary preemption, but those are for the state courts to decide upon remand.
3. Nor was removal warranted on the basis of Grable jurisdiction. The defendants have not pointed to a specific issue of federal law that must necessarily be resolved to adjudicate the state law claims. Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing , 545 U.S. 308, 314, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005) ; see also Empire Healthchoice Assurance, Inc. v. McVeigh , 547 U.S. 677, 700, 126 S.Ct. 2121, 165 L.Ed.2d 131 (2006). Instead, the defendants mostly gesture to federal law and federal concerns in a generalized way. The mere potential for foreign policy implications (resulting from the plaintiffs succeeding on their claims at an unknown future date) does not raise the kind of actually disputed, substantial federal issue necessary for Grable jurisdiction. Nor does the mere existence of a federal regulatory regime mean that these cases fall under Grable . See Empire Healthchoice , 547 U.S. at 701, 126 S.Ct. 2121 ("[I]t takes more than a federal element 'to open the "arising under" door.' " (quoting Grable , 545 U.S. at 313, 125 S.Ct. 2363 ) ). Moreover, even if deciding the nuisance claims were to involve a weighing of costs and benefits, and even if the weighing were to implicate the defendants' dual obligations under federal and state law, that would not be enough to invoke Grable jurisdiction. On the defendants' theory, many (if not all) state tort claims that involve the balancing of interests and are brought against federally regulated entities would be removable. Grable does not sweep so broadly. See Empire Healthchoice , 547 U.S. at 701, 126 S.Ct. 2121 (describing Grable as identifying no more than a "slim category" of removable cases); Grable , 545 U.S. at 313-14, 319, 125 S.Ct. 2363.
4. These cases were not removable under any of the specialized statutory removal provisions cited by the defendants. Removal under the Outer Continental Shelf Lands Act was not warranted because even if some of the activities that caused the alleged injuries stemmed from operations on the Outer Continental Shelf, the defendants have not shown that the *939 plaintiffs' causes of action would not have accrued but for the defendants' activities on the shelf. See In re Deepwater Horizon , 745 F.3d 157, 163 (5th Cir. 2014). Nor was federal enclave jurisdiction appropriate, since federal land was not the "locus in which the claim arose." In re High-Tech Employee Antitrust Litigation , 856 F.Supp.2d 1103, 1125 (N.D. Cal. 2012) (quoting Alvares v. Erickson , 514 F.2d 156, 160 (9th Cir. 1975) ); see also Ballard v. Ameron International Corp. , No. 16-CV-06074-JSC, 2016 WL 6216194, at *3 (N.D. Cal. Oct. 25, 2016) ; Klausner v. Lucas Film Entertainment Co, Ltd. , No. 09-03502 CW, 2010 WL 1038228, at *4 (N.D. Cal. Mar. 19, 2010) ; Rosseter v. Industrial Light & Magic , No. C 08-04545 WHA, 2009 WL 210452, at *2 (N.D. Cal. Jan. 27, 2009). Nor was there a reasonable basis for federal officer removal, because the defendants have not shown a "causal nexus" between the work performed under federal direction and the plaintiffs' claims, which are based on a wider range of conduct. See Cabalce v. Thomas E. Blanchard & Associates, Inc. , 797 F.3d 720, 727 (9th Cir. 2015) ; see also Watson v. Philip Morris Companies, Inc. , 551 U.S. 142, 157, 127 S.Ct. 2301, 168 L.Ed.2d 42 (2007). And bankruptcy removal did not apply because these suits are aimed at protecting the public safety and welfare and brought on behalf of the public. See City & Cty. of San Francisco v. PG & E Corp. , 433 F.3d 1115, 1123-24 (9th Cir. 2006) ; Lockyer v. Mirant Corp. , 398 F.3d 1098, 1108-09 (9th Cir. 2005). To the extent two defendants' bankruptcy plans are relevant, there is no sufficiently close nexus between the plaintiffs' lawsuits and these defendants' plans. See In re Wilshire Courtyard , 729 F.3d 1279, 1287 (9th Cir. 2013).
As the defendants note, these state law claims raise national and perhaps global questions. It may even be that these local actions are federally preempted. But to justify removal from state court to federal court, a defendant must be able to show that the case being removed fits within one of a small handful of small boxes. Because these lawsuits do not fit within any of those boxes, they were properly filed in state court and improperly removed to federal court. Therefore, the motions to remand are granted. The Court will issue a separate order in each case to remand it to the state court that it came from.
At the hearing, the defendants requested a short stay of the remand orders to sort out whether a longer stay pending appeal is warranted. A short stay is appropriate to consider whether the matter should be certified for interlocutory appeal, whether the defendants have the right to appeal based on their dubious assertion of federal officer removal, or whether the remand orders should be stayed pending the appeal of Judge Alsup's ruling. Therefore, the remand orders are stayed until 42 days of this ruling. Within 7 days of this ruling, the parties must submit a stipulated briefing schedule for addressing the propriety of a stay pending appeal. The parties should assume that any further stay request will be decided on the papers; the Court will schedule a hearing if necessary.
IT IS SO ORDERED.