**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KEVLIN VICTOR MICHAEL, | No. 21-70103 |
| Petitioner, | Agency No. A208-615-661 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of
the Board of Immigration Appeals

Submitted May 16, 2022**
Pasadena, California

Before: LEE and BRESS, Circuit Judges, and FITZWATER,*** District Judge.

Kelvin Victor Michael ("Michael"), a native and citizen of Nigeria, petitions

for review of the Board of Immigration Appeals' ("BIA's") order dismissing his

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

appeal from the Immigration Judge's ("IJ's") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

We review questions of law *de novo*, *Retuta v. Holder*, 591 F.3d 1181, 1184 (9th Cir. 2010), and review the agency's factual findings, including adverse credibility determinations, for substantial evidence, *Mukulumbutu v. Barr*, 977 F.3d 924, 925 (9th Cir. 2020). Under the substantial evidence standard, we must uphold the agency's determination unless any reasonable trier of fact "'would be compelled to conclude to the contrary' based on the evidence in the record." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (quoting *Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014)). In assessing an adverse credibility finding, this court must look to the "totality of the circumstances[] and all relevant factors." *Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc) (alteration in original) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)).

1. The agency's adverse credibility finding relied on three factors: (1) Michael's delay in submitting his fear of discrimination based on his sexual orientation; (2) Michael's internal inconsistency in his testimony and inconsistency between previous interviews; and (3) Michael's responsiveness and candor. It also

noted that his corroborating evidence did not rehabilitate his application. Under the totality of the circumstances, substantial evidence supports the agency's adverse credibility determination. *Iman v. Barr*, 972 F.3d 1058, 1064-65 (9th Cir. 2020).

The agency did not err in relying on Michael's delay in submitting his fear of discrimination based on his sexual orientation. *Li v. Ashcroft*, 378 F.3d 959, 963 (9th Cir. 2004) (holding that discrepancy between petitioner's initial statements—that he came to United States for financial reasons and was not mistreated by foreign government—and later testimony asserting fear of persecution provided a valid basis for the IJ's adverse credibility determination). Nor did the agency err in rejecting Michael's explanation for his failure to disclose his fear of discrimination based on his sexual orientation.[1] The agency reasonably rejected his explanation because it was rehearsed and rote. *See Ling Huang v. Holder*, 744 F.3d 1149, 1155 (9th Cir. 2014); *Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011) ("[T]he record does not compel the finding that the [agency's] unwillingness to believe this explanation, in light of the importance of the omitted incidents to his asylum claim, was erroneous.").

---

[1] *Mousa v. Mukasey*, 530 F.3d 1025 (9th Cir. 2008), is inapposite. There, the petitioner had a compelling explanation for her failure to disclose her fear of persecution. *See id.* at 1028-29. Moreover, while Michael omitted any reference to his sexual-orientation claim in his asylum application, Mousa did mention a general fear of sexual violence in her asylum application. *Id.* at 1028.

The agency also did not err in relying on Michael's multiple, material inconsistent statements. *See Zamanov*, 649 F.3d at 973 ("[I]nconsistencies regarding events that form the basis of the asylum claim are sufficient to support an adverse credibility determination."); *see also Rodriguez-Ramirez v. Garland*, 11 F.4th 1091, 1093 (9th Cir. 2021) (per curiam) ("[D]espite [petitioner's] testimony in October 2017 that this threat occurred in February 2016, the report he provided from the prosecutor twice stated, on different pages, that the threats occurred in January 2016, and the IJ found that [petitioner] did not have a convincing explanation for the discrepancy."); *Li*, 378 F.3d at 962.

Nor did the agency err in relying on Michael's demeanor to find him not credible. *Singh-Kaur v. INS*, 183 F.3d 1147, 1151 (9th Cir. 1999) (stating that this court gives "special deference" to a credibility determination that is based on demeanor); *Shrestha v. Holder*, 590 F.3d 1034, 1045 (9th Cir. 2010) ("This instance of blatant and unexplained unresponsiveness supports the IJ's adverse credibility determination.").

Finally, the agency did not err in concluding that Michael's corroborating evidence did not rehabilitate his application. *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014) ("These documents do not reveal any independent knowledge of [petitioner's] alleged abuse.").

Absent credible supporting testimony, substantial evidence supports the agency's denial of asylum and withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

2. Michael has waived his challenge to the denial of his CAT relief by not addressing it "specifically and distinctly" in his opening brief. *Christian Legal Soc'y Chapter of Univ. of Cal. v. Wu*, 626 F.3d 483, 487 (9th Cir. 2010) (quoting *Miller v. Fairchild Indust., Inc.*, 797 F.3d 727, 738 (9th Cir. 1986)). Even if he did not waive this challenge, the record does not compel the conclusion that Michael will personally face torture if he returns to Nigeria, *i.e.*, it does not show a particularized risk of torture. *Lalayan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021).

**PETITION DENIED**.