**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANDRA LETHGO, on behalf of herself
and all similarly situated,

 Plaintiff-Appellee,

 v.

CP IV WATERFRONT, LLC, DBA
Kapilina Beach Homes; GREP
SOUTHWEST, LLC,

 Defendants-Appellants.

No. 23-15583

D.C. No. 1:22-cv-00052-JAO-
WRP

MEMORANDUM*

Appeal from the United States District Court
for the District of Hawaii
Jill Otake, District Judge, Presiding

XAVIER BONILLA LOZANO; et al.,

 Plaintiffs-Appellees,

 v.

CP IV WATERFRONT, LLC, DBA
Kapilina Beach Homes,

 Defendant-Appellant,

No. 23-15804

D.C. No. 1:22-cv-00053-LEK-RT

 \* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

and

DOES, Defendants 1-20,

Defendant.

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Argued and Submitted June 6, 2025
Honolulu, Hawaii

Before:  W. FLETCHER, CHRISTEN, and DESAI, Circuit Judges.

Defendants-Appellants CP IV Waterfront, LLC, dba Kapilina Beach Homes

("Kapilina") and GREP Southwest, LLC, Kapilina's property manager, appeal

from two different district court orders holding that removal to federal district

court was improper under the Federal Officer Removal Statute, 28 U.S.C.

§ 1442(a)(1).  We have jurisdiction under 28 U.S.C. §§ 1291 and 1447(d).  We

review de novo a district court's decision to remand a removed case.  *Doe v.*

*Cedars-Sinai Health Sys.*, 106 F.4th 907, 912 (9th Cir. 2024).  We affirm.

A person or entity seeking removal under the Federal Officer Removal

Statute must demonstrate: "(a) it is a person within the meaning of the statute; (b)

there is a causal nexus between its actions, taken pursuant to a federal officer's

2

directions, and [the] plaintiff's claims; and (c) it can assert a colorable federal defense." *Id.* at 913 (alteration in original) (quoting *County of San Mateo v. Chevron Corp.*, 32 F.4th 733, 755 (9th Cir. 2022)). The last two requirements must be supported by a "preponderance of the evidence." *Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014).

Appellants have not carried their burden as to the causal nexus requirement. "To demonstrate a causal nexus, the private person must show: (1) that the person was 'acting under' a federal officer in performing some 'act under color of federal office,' and (2) that such action is causally connected with the plaintiff's claims against it." *Chevron*, 32 F.4th at 755 (quoting *Goncalves ex rel. Goncalves v. Rady Child.'s Hosp. San Diego*, 865 F.3d 1237, 1244–50 (9th Cir. 2017)). "Our causal nexus analysis focuses on whether the defendant was involved in an effort to assist, or to help carry out, the duties or tasks of a federal superior." *Lake v. Ohana Mil. Cmtys., LLC*, 14 F.4th 993, 1004 (9th Cir. 2021) (cleaned up). The "acting under" relationship "typically involves 'subjection, guidance, or control.'" *Watson v. Philip Morris Cos., Inc.*, 551 U.S. 142, 151 (2007) (citation omitted).

Appellants have not shown they acted under the Navy's direction. Appellants operated the residential community pursuant to a commercial ground lease between Kapilina and the Navy. But the ground lease did not require

3

Kapilina to purchase water from the Navy. Kapilina, instead, voluntarily chose to obtain water from the Navy's Joint Base Pearl Harbor Hickam Water System. Although Kapilina agreed to "purchase and receive" the Navy's water, the Navy did not direct Kapilina to distribute that water to residents. Rather, Kapilina was responsible for the "maintenance, repair and operation" of the water system after the delivery point. Appellants could have sought out and provided a different water source once they learned of the contamination. Because Appellants did not establish the causal nexus requirement by a preponderance of the evidence, removal was improper.

Appellants also did not carry their burden to establish a colorable federal defense. Appellants raise two federal defenses: the government contractor defense and derivative sovereign immunity. Neither defense is colorable.

"In the Ninth Circuit, . . . [the government contractor defense] is only available to contractors who design and manufacture military equipment." *Cabalce v. Thomas E. Blanchard & Assocs., Inc.*, 797 F.3d 720, 731 (9th Cir. 2015) (second alteration in original) (quoting *Snell v. Bell Helicopter Textron, Inc.*, 107 F.3d 744, 746 n.1 (9th Cir. 1997)). Appellants did not design or manufacture military equipment for the Navy; thus, their assertion of the defense is not colorable.

Derivative sovereign immunity is similarly narrow. The defense is "limited to cases in which a contractor 'had no discretion in the design process and completely followed government specifications.'" *Id.* at 732 (quoting *In re Hanford Nuclear Rsrv. Litig.*, 534 F.3d 986, 1001 (9th Cir. 2008)). The defense is inapplicable here because the Navy did not direct Appellants to distribute the allegedly contaminated water to residents or otherwise control how Appellants managed the residential community.

**AFFIRMED.**